# N. Y. COMMON PLEAS.

LAWRENCE L. LEVY, appellant, agt. JOHN LOCK, respondent.

*Limited partnership — notice — liability*

The object of the statute in providing for the formation of limited partnerships was to compel those who claim the benefits of its exemptions to give public notice of the terms of the partnership, that all who deal with it may know the extent of the credit and liability which it assumes.

It was also intended for the mutual protection of the special partner and those dealing with him, and should be construed in the spirit with which it was framed.

All that the law requires in the formation of a limited partnership is a substantial compliance with its provisions. The filing of the certificate and affidavit required, twenty-eight days after they were executed, could not affect the validity of the partnership as to those who dealt with it after the date of such filing.

*General Term, February*, 1874.

*Before* DALY, *Ch. J.*, ROBINSON *and* LARREMORE, *JJ.*

APPEAL by plaintiff from a judgment at special term.

*J. C. Levi*, for appellant.

*G. A. Seixas*, for respondent.

LARREMORE, *J.*—On the 15th of March, 1871, the firm of White, Son & Whitmore (of which the defendant claimed to be a special partner) made two promissory notes to the order of plaintiff, at five and seven months, for $644.19 each; judgment was rendered in the court below against the defendant,

as a general partner of said firm, and from the reversal of said judgment by the general term of that court, this appeal is taken. The evidence discloses the following facts, to wit:

That James M. White, Charles C. White, Stephen O. Whitmore and John Lock (the defendant) entered into a copartnership agreement, dated April 25, 1870, in which it was stated that the partnership thereby formed should commence May 2, 1870, and continue for two years. That said Lock should contribute $5,000 to the capital thereof as a special partner, which he was thereby declared to be. It was therein further provided and agreed that the usual statutory proceedings should be instituted immediately after the execution of said agreement, to secure Lock his rights and immunities as such special or silent partner. On May 17, 1870, the said partners duly executed and acknowledged the certificate required for the formation of a limited partnership, together with the affidavit showing the payment of the special capital, which said certificate and affidavit were duly filed and recorded on the 14th of June, 1870, and publication thereof duly made for the time and in the manner prescribed by the statute.

It does not appear when said firm commenced to do business, or that any business of any kind was transacted by it prior to June 14, 1870.

On this statement of facts the liability of defendant as a general partner of said firm is to be determined. All that the law requires in the formation of a limited partnership is a substantial compliance with its provisions (*Bowen* agt. *Argall*, 24 *Wend.*, 496; *Madison County Bank* agt. *Gould*, 5 *Hill*, 309; *Smith* agt. *Argall*, 6 *Hill*, 479).

The object of the statute is to compel those who claim the benefit of its exemptions to give public notice of the terms of the partnership, that all who deal with it may know the extent of the credit and liability which it assumes. The statute referred to (1 *R. S.*, *Edmonds*, 716 *and* 717), as preliminary to the formation of such a partnership, requires that a

certificate thereof, with an accompanying affidavit, be filed and recorded in the clerk's office of the county, showing the title of the firm, the names of the partners, the general nature of the business, the amount of capital contributed in cash by the special partner and the period at which the partnership is to commence and terminate.

The certificate and affidavit filed by the defendant and his copartners, on the 14th of June, 1870, and the publication of the terms of the said partnership, were each and all of them in conformity with said statute.

That said certificate and affidavit were not filed and recorded on the day of their execution (May 17, 1870), but twenty-eight days thereafter (June 14, 1870), could not affect the validity of said partnership, as to those who dealt with it, after the date last named. On that day the special partnership was duly formed, and, as to the plaintiff (whose claim accrued nine months thereafter), was as effectively and substantially formed as though the papers had been filed and recorded on the day of their execution.

There is no requirement of the statute that such execution and filing shall be cotemporaneous acts. The only disability imposed by it is that, until such record is made, no special partnership is formed; nor should the plaintiff be permitted to assail said partnership on the ground that it was declared to have commenced at a period prior to the filing of said certificate. His debt, as before stated, was subsequently contracted, and he was in no way prejudiced or misled. This distinction was recognized in the case of *The Madison Co. Bank* agt. *Gould*, where an error occurred in the notice of the partnership, which stated that it was to commence November sixteen instead of October sixteen; and judge Bronson says: "If this contract (the one in suit) had been made before the time mentioned in said notice for the commencement of the partnership had arrived, the objection would be fatal." In that case it was assumed that the partnership was properly formed, although the judgment was

Levy agt. Lock.

reversed upon other grounds. The rulings in *Andrews* agt. *Schott* (10 *Penn.*, 4 *Barr*, 47) are not in point. That case decides that the use of the word "company" in a firm name was in violation of a statute of the state of Pennsylvania, and that the special partner was liable for that reason, and also for the fact that third persons entered the firm as general partners. The obligations in this case having been incurred after the special partnership was formed, the defendant cannot be charged *in solido,* nor made liable beyond the amount of his capital. The statute under which said partnership was formed was intended for the mutual protection of the special partner and those dealing with him. It should be construed in the spirit with which it was framed. To invite capital it offers the inducement of a limited liability on the part of the investor; and, while its provisions should be rigorously invoked and applied in behalf of one who suffers by their violation, a wise discrimination should be exercised in their application to one who seeks to obtain an undue advantage thereby.

The judgment appealed from should be affirmed.

Ch. J. DALY and ROBINSON, J., concur.