By the Court.
Van Vorst, J.
Limited partnerships can only be formed in pursuance of the statute, and in the manner substantially directed.
It is provided by statute, that persons desirous of forming such partnership, shall make, sign and acknowledge a certificate, the contents of which are given ; that the certificate shall be filed in the office of the clerk of the county in which the principal place of business of the partnership shall be situated ; that the certificate shall be recorded by the clerk in a book to be kept for that purpose, open to the public inspection; and that “ no such partnership shall be deemed to have been formed until a certificate shall have been made, acknowledged, filed and recorded r' as above directed. There are other incidents and steps not necessary to be stated here (1 R. S. 765, §§ 4-8).
The case under consideration arises from a failure to record the certificate, in pursuance of the requirements of § 8.
The defendant Laimbeer, who is sued as a general partner, claims that the firm of which he was a member was a limited partnership, duly created under the statute, and that he was the special partner, and as such, is not liable for the debt sought to be recovered in this action.
Evidence was introduced on the behalf of this defendant upon the trial, tending to show that on or about the date of the formation of the firm, formal articles of partnership, and a certificate and affidavit, papers used in the forming of such limited partnerships, were executed by the parties interested, and that the certificate and affidavit were delivered, by the direction of the defendant Laimbeer, to the clerk of the city and county of New York, with directions to him to file the same, and that the fee demanded by the clerk was paid.
*29 It was, however, proved on the trial that no certificate of the formation of the alleged limited partnership was ever recorded in the office of the clerk, in the book kept by the clerk for the purpose, and that no such certificate could be found on the files.
The learned counsel for the defendant, at the close of the evidence, asked that it should be presented to the jury “whether or not the defendants, in fact, did cause to be filed the certificate, and the affidavit which goes toward making up this special partnership, whether in fact they did leave them in the county clerk’s office, in the proper place, and with the proper person, with the request that they should be filed, and also whether they are now on file in that office.” In disposing of this request, the learned trial judge said, “The statute refers toa point, when shall begin the special partnership, and it says that no such partnership shall be deemed to have been formed until the certificate shall have been made and acknowledged, filed and recorded. There is no dispute that the certificate was not recorded. I must hold that the defendant is hable as a general partnerand he directed a verdict for the plaintiff.
We are of opinion that the learned chief judge who presided at the trial, was right in the conclusion he reached, and in the direction he gave.
We have already said that the provisions of the statute, which authorize limited partnerships, through which the special partner is exonerated from the common law liability of a general partner, must be, at least in substance, followed. This rule obtains with respect to all statutory rights and immunities; especially when peculiar privileges and exemptions are conferred upon particular individuals or classes.
The first section of the act in regard to “limited partnerships,” expressly directs that such partnerships shall only be formed upon “the terms,” and “subject to the conditions,” expressed.
These terms and conditions are expressed with clear *30 ness. And not the least of these is the provision requiring the recording of the “certificate ” by the clerk “in a book to be kept for the purpose, open to public inspection,” and this direction is followed by the distinct proviso, that until the “certificate” shall have been recorded, the partnership shall not be deemed to have been formed.
The filing of the certificate with the clerk of the county, by the special partner, is no satisfactory answer to the unambiguous declaration of section 8, determining the consequences of a failure to record the certificate, nor does it avoid those consequences. When we consider the scope and object of the statute and its provisions, through which partnership liabilities are limited and peculiar privileges are conferred upon one embarking in partnership engagements, we cannot overlook the importance of the provisions requiring the recording of the certificate, in an appropriate book, open to the inspection of all who may have dealings with the firm.
The legislature intended, in the directions given, to provide for recording of the certificate, as a condition precedent to the creation of the limited partnership.
It is true that the duty of recording is cast upon a public officer, but the consequence of his failure to perform the duty, is in effect cast upon the person claiming to be the special partner.
The consequences of such failure must rest somewhere, and the legislature have the power, in framing the law, to say where they shall rest. The consequence is, that the projected enterprize never becomes operative as a limited partnership. It is argued by his counsel, that the defendant, having filed the papers, had a right to rest upon the presumption that a public officer will perform his duty.
That is not an indisputable presumption, and is liable to be rebutted, and experience shows that it is fallible.
But in the face of the positive injunction of the statute under consideration, a person would fely upon such presumption at his peril, and would suffer the consequen *31 ces of a failure on the officer’s part, to perform his duty.
In Smith v. Argall (6 Hill, 479), it is said, “Partners are bound at their peril not only to see that all the necessary papers are filed and recorded, but that correct notices are published.”' And in Van Ingen v. Whitman (infra), the court says, “This statute does not set out to deal with motives, but with acts and their results, and it guards the public, not by requiring good intentions, but a certain act done in a certain mode.”
Notwithstanding the express directions from the clerk in section 6, to record the paper in an appropriate book, had the words “and recorded,” been omitted from section 8, a filing of the paper with the clerk might have been sufficient to create the partnership ; for in such case the defendant might have been justified in relying upon the clerk’s performing his duty. But by the terms of section 8, a filing of the certificate is not enough to prevent the consequences therein declared, but effect must necessarily be given to the words “ and recorded.”
The current of authority with respect to the statute in question, is very considerate. While on the one hand mere technical and immaterial omissions or mistakes have been disregarded, defects in substance have imposed upon the special, the liabilities of a general partner.
In Long v. Lock (5 Daly, 46), where the certificate was not filed for twenty-eight days after its execution, the partnership was held to be a limited one as to creditors becoming such after the filing. In Bowen v. Argall (24 Wend. 495), a mistake in publication of the names of partners, as Avgall for Argali, was held not to vitiate the publication. But Haviland v. Chase (39 Barb. 283); Argall v. Smith (3 Den. 435); Van Ingen v. Whitman (62 N. Y. 513) ; Durant v. Abendroth (41 Super. Ct. 53 ; S. C., 69 N. Y. 148), are illustrations of the strictness to which persons are held in proceeding to organize as a-limited partnership, under the statute in question.
In our state, no case seems to have arisen, in which *32 the effect of an omission on the part of the clerk to record the certificate, where one had been filed with him, has been distinctly considered.
The only case which we have been able to find, which bears directly upon that question, arose in the supreme court of Michigan. It is Gray v. Gibson (6 Mich. 300). In that case, the New York statute concerning limited partners was directly under consideration, and this question was passed upon. Two opinions were written in the case, but upon this point there was a concurrence.
It appeared that the certificate had been duly filed, but had not been, recorded by the clerk. Christiancy, J., in his opinion, says : “ The certificate in this case, not having been, recorded, did not, and was not claimed to have the effect, to create a limited partnership and Justice Manning, in his opinion (p. 325), says : “ The certificate was made and acknowledged, and with the requisite affidavit was filed, but it was not recorded ; why it was not recorded does not appear. . . . From whatever cause, it did not put an end to the copartnership, but left it, as if nothing had been done, under the act, an unlimited partnership, or partnership at common law.”
Henkel v. Heyman (91 Ill. 96), contains an obiter dicr turn in these words : “ Had the certificate, acknowledgment and affidavit been left with the county clerk with directions to file them, his refusal to comply with the directions would not doubtless have affected the rights of the parties. In that case, the parties, would have done all that they could to comply with the law.” That statement was not necessary to the decision of the case, as will be seen upon an examination, and it is an incomplete view of the duty of one seeking to become a special partner under the statute. He could have done more than direct he could have demanded the recording as a right, and could have compelled its performance.
There is no reason to suppose that upon the tender of fees for recording, such a demand would have been refused.
*33 It is the interest of the county clerk to record, as it is his duty to do so.
We are not justified in looking for some unnatural or unreasonable ground upon which to base a supposed refusal to record, or to regard it as intentional or willful, in order to defeat the operation of the statute.
It is suggested on the defendant’s behalf by his learned counsel, that becaus 3 the statute in question does not, as the act of 1822 did. d. ¡clare it to be the duty of all the partners inheres cea uj see that the requirements of the several sections or tne act are complied with, that no other duty in this regard is imposed upon them, other than to file the certificate. We do not so look upon the statutory changes.
Section 8 of the present statute, substituted in the place of the former one, amounts to an injunction to do certain things, if a person would avail himself of the statute. Under the former statute, the consequence of a failure in any thing directed to be done,-was to make “ all the partners interested in such partnership liable for the engagements thereof, as general partners.” Under the present statute, such failure leaves it, the copartnership, as was-said in the Michigan case, “as .if nothing had been done under the act” towards creating a “ limited partnership.” And such is the effect of the directions given by the chief judge upon the trial of this cause.
It is stated in a note to Kent’s Commentaries, vol. 3, p. 36, that “It has been ruled in Hubbard v. Morgan (U. S. D. C. for N. Y. May, 1839), that the special partner must, at his peril, see that the law is complied with in all its essentials, or he will be liable as a general partner.”
We have examined the cases of Veeder v. Mudgett (96 N. Y. 295), and Sutherland v. Olcott (29 Hun, 161), arising under the act for the formation of manufacturing companies, which imposes and continues liabilities upon stockholders for a failure on the part of the officers to file a certificate, called for by that act. But the analogy *34 between cases arising under the provisions of that act, and those falling under the- limited partnership act, is imperfect. These cases are clearly in principle distinguishable from the one before us. The omission to file and record a certificate of the payment of the capital stock, in pursuance of section 11 of the act, did not touch the question of corporate life. The corporation existed, whether the certificate was, or was not filed. The omission' to file and record the paper, affected the continuance of the stockholder’s liability, determined by a previous section of the act.
In the first of these cases the main question seemed to be, whether the thirty days clause mentioned in section 11 was mandatory or directory ; it was held to be directory. It was indeed held that the officers or stockholders were not responsible for the failure of the county clerk to record the certificate. But it is quite clear to us that the structure, scope, and policy of the act concerning limited partnership differs wholly from the portion of the manufacturing act considered above.
It seems to us entirely clear, that the provision for the recording of the certificate is as important as that for filing, and is in the same category, and that it is not directory—that it is made absolutely fundamental to the validity of the effort to constitute a limited partnership, and is in effect mandatory.
It follows, therefore, from what has been already stated, that it is as much the duty of the persons seeking to form such limited partnership to see that the certificate is recorded, as it is to file the instrument, as a condition precedent to the creation of the partnership.
No argument can be adduced from the provisions of the recording acts, to which our attention has been called, or the practice thereunder, which will break the force of the conclusion above reached.
. We have examined all the exceptions taken by the learned counsel for the defendant, and do not find that any of them can be sustained.
*35 The judge’s disposition of the other question upon which the defendant’s counsel asked to go to the jury,'— that is, as to whether the note was paid or not,—was entirely correct.
The exceptions of the defendant are overruled, and judgment is ordered in favor of the plaintiff, on the verdict, with costs.
Freedman and Truax, JJ., concurred.