R. S. OGLESBY COMPANY, INC., V. LINDSEY.

November 16, 1911.

1. PARTNERSHIP—*Special Partner—Liability for Debts—Evidence.*— In an action against the persons composing an alleged limited partnership, where the issue is whether a special partner is liable for the plaintiff's debt, it is wholly immaterial whether the special partner had or had not lost the money he had put into the company, or whether he had or had not received any dividends from the business, and evidence on these subjects should be excluded.

2. PARTNERSHIP—*Statute as to Limited Partnerships—How Construed.*—Statutes relating to the creation of limited partnerships should have a reasonable construction. Provisions for the protection of third persons should be liberally construed in their favor, so as to afford them protection, while provisions which cannot affect the rights of third persons should be liberally construed in favor of the special partner so as not to forfeit the protection of the statute, and thus to induce the investment of capital in business.

3. PARTNERSHIP—*Limited Partnership—Record and Index of Statement and Affidavit.*—The record of the statement and affidavit of a limited partnership in a book labeled "Roads" and "Limited Partnership," but which was discontinued as a record of roads prior to the record of the partnership in question is a sufficient compliance with the statute requiring the record "in a separate book to be kept for the purpose," but an index in such book which simply shows "Limited Partnership" without giving the name of the partnership, is not a sufficient compliance with the statute which requires the paper showing the partnership and the certificate thereto, after being recorded, to "be indexed in the name of such partnership," although the partnership in question is the only limited partnership which appears of record in that county.

4. INSTRUCTIONS—*Rejection—Who May Except.*—The refusal of an instruction tendered by the defendant is not a ground of exception by the plaintiff.

5. PARTNERSHIP—*Limited Partnership—Compliance with Statute—
Good Faith of Member—Knowledge of Creditor.*—The provis-
ions of the statute with reference to. limited partnerships must
be complied with regardless of the creditor's knowledge of who
are general and who are special partners, and of other facts
connected with the firm. It is not a question of good faith on
the part of members, nor of notice or knowledge on the part
of creditors, but whether the members conformed to the law
in their attempt to form a limited partnership. The statute
must be actually complied with, else the special partner will be
liable, even though the creditor does not show that he has
been injured in consequence of the failure to comply with the
statute.

6. PARTNERSHIP—*Limited Partnership—Posting Names of Firm—
"Conspicuously."*—The provision of the statute that "the names
of the partners, with a designation of which are general and
which are special partners shall appear conspicuously upon the
front of the place or places of business of the partnership" is
one of the most material of its provisions for the protection of
creditors, and means just what the language imports. It
must "appear," that is, be obvious and manifest; *"conspicu-
ously,"* that is, plain to the eye and easily seen. There must
be some sign or writing conveying the information· required
by the statute appearing conspicuously upon the front of the
place of business of the partnership. The place to which it is
attached must be conspicuous, and it must also be conspicu-
ous in the sense that it may be easily read. The facts of the
case at bar do not measure up to these requirements of the
statute.

Error to a judgment of the Circuit Court of Grayson
county in an action of assumpsit. Judgment in favor of all
of the defendants but one. Plaintiff assigns error.

*Reversed.*

The following instructions requested by plaintiff were
*refused:*

Instruction No. 1: ·"The court instructs the jury that if
they believe from the evidence that the paper offered in
proof in this case as the statement and affidavit under which
the Lindsey Mercantile Company, Limited, was formed, has

not been recorded in the clerk's office of Grayson county, Va., in a separate book kept for that purpose, or that the same has not been indexed in the name of the Lindsey Mercantile Company, Limited, then all the parties defendant are liable as general partners, and you shall find for the plaintiff."

Instruction No. 2: "The court instructs the jury that if they believe from the evidence that any material part of the capital contributed to this partnership by the special partners was, during the continuance of the partnership, withdrawn or diminished otherwise than by losses or in the ordinary course of business, then all the defendants in this case are liable as general partners, and you shall find for the plaintiff."

Instruction No. 3: "The court instructs the jury that, in order that the special partners in this case may be relieved of the ordinary liability of general partners, the names of the partners of the Lindsey Mercantile Company, Limited, with a designation of which were general and which were special partners, must have appeared conspicuously upon the front of the place of business of said partnership during the time while said partnership was in business; and, if you shall believe from the evidence that this requirement was not complied with, you shall find for the plaintiff against all the defendants."

The following instructions requested by the plaintiff were given:

"No. 1. The court instructs the jury that, in order that the special partners in this case may be relieved of the ordinary liability of general partners, the names of the partners of the Lindsey Mercantile Company, Limited, with a designation of which were general and which were special partners, must have appeared conspicuously on the front of the

97

place of business of said partnership during the time while said partnership was in business; and if you shall believe from the evidence that this requirement was not substantially complied with, you shall find for the plaintiff against all the defendants."

"No. 2. The court instructs the jury that the word 'conspicuously' means plain to the eye, easily seen."

The following instructions requested by defendants were *refused:*

"No. 1. That if the jury shall believe from the evidence that at the time plaintiff sold the goods, wares and merchandise shown by the account to have been bought, plaintiff or its officers and agents had knowledge as to who were the general and who were the special partners, and of the other facts connected with the formation of said firm, then they are estopped to deny such knowledge, and from insisting that defendants are liable to it, and the jury will find for the defendants."

"No. 2. That if the jury shall believe from the evidence that at the time the debt in the declaration mentioned was made and contracted the names of the partners, with a designation of which were general and which were special partners, appeared conspicuously upon the front of the place of business of the Lindsey Mercantile Company, Limited, then, with reference to the requirements of the statute, the court tells the jury defendants complied with the same, and if plaintiff relies on this failure of the defendants to comply with the statute for a recovery, and the jury shall believe defendants have complied therewith, they shall find for the defendants."

The following instructions requested by the defendants were *given:*

"No. 3. That if the jury shall believe from the evidence

that the names of the partners, with a designation of which were special and which were general partners, appeared conspicuously upon the front of the place of business of the Lindsey Mercantile Company, Limited, then with reference to this requirement of the statute, the court tells the jury that defendants complied with the same, and if plaintiff relies on this failure to comply with the statute for a recovery, and the jury shall believe defendants have complied therewith, they will find for the defendants."

"No. 4. That if the jury shall believe from the evidence that defendants substantially complied with that requirement of section 2871 of the Code, with reference to having appeared conspicuously upon the front of the place of business of the Lindsey Mercantile Company, Limited, the names of the partners, with a designation of which were special and which were general partners, and the plaintiff relies upon their failure to do so for a recovery, then the court tells the jury plaintiff is not entitled to recover on this ground in this action, and the jury will find for the defendants."

"No. 5. That the burden of proof is upon the plaintiff to make out its case by a preponderance of the evidence, and to the satisfaction of the jury."

The following instruction was given by the court of its own motion:

"The jury are instructed that the evidence in this case shows that the special partners have complied with the law in regard to recording and publishing the paper under which the defendant partnership was formed, as provided by statute, and the plaintiff cannot recover on this ground."

*H. C. Gilmer* and *J. H. Rhudy,* for the plaintiff in error.

*W. S. Poage, R. L. Kirby* and *W. D. Tompkins,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

The Oglesby Company, Incorporated, sued C. L. Lindsey and others in assumpsit, claiming the sum of $586.30 as due upon an account for goods sold and delivered. The defendants appeared and pleaded that the cause of action mentioned in the declaration was contracted, if at all, by the Lindsey Mercantile Company, a limited partnership formed and doing business under the laws of the State of Virginia; that the defendants other than C. L. Lindsey were only special partners of the Lindsey Mercantile Company; that they were not interested or in any way connected with the Lindsey Mercantile Company except in their capacity as such special partners; and at a subsequent day the defendants appeared and filed a further plea, setting out in detail the fact that they were liable only as a limited partnership, and averring their compliance with the statute laws regulating the formation of such partnerships; that the plaintiff, before the debt in the declaration mentioned was contracted, had full knowledge of the organization of said limited partnership, who composed the same, how they were bound, the amount of capital put in by each of said partners, and who were the general and who the special partners, and to what extent each of the members of the firm were bound for the debts and obligations of the partnership, and had full and complete knowledge of every fact to enable them to know to whom they were and how they were extending credit; and that by reason of the premises the plaintiff was estopped from asserting the demand referred to in the declaration against them and upon which this action is founded.

Upon the trial the jury found a verdict against the general partner, C. L. Lindsey, and in favor of all of the other defendants, the special partners, referred to in the declaration, upon which judgment was entered and to this judgment a writ of error was awarded.

"By the common law, every member of an ordinary partnership is liable *in solido* for the debts and engagements of the firm.    The law ignoring the firm as anything distinct from the persons composing it treats the debts and engagements of the firm as the debts and engagements of the partners, and holds each partner liable for them accordingly." George on Partnership, sec. 109.

"A limited partnership is one in which the liability of one or more, but not all, of the partners is limited to the amount contributed by him or them to the firm capital at the time of the formation of the partnership.    They are created only by statute, and exist and are controlled entirely by legislative enactments."    Gilmore on Partnership, sec. 204.

The statutes regulating the formation of limited partnerships in this State are found in Chapter 135, Code of 1904.

Section 2865 provides, that the persons forming a limited partnership "shall make and severally sign a paper, which shall state the name and place of residence of each partner; the name or firm name under which the partnership is to be conducted; who are general and who are special partners; the sum which each special partner contributes, and whether such contribution is made in cash or in other property at cash value, or to what extent in each; the general nature of the business to be transacted; the place or places of said business; the duration of the partnership; .   .   .    One or more of the general partners shall also make oath that each sum so stated to be contributed has been actually contributed in the form set forth in said paper."

By section 2866 it is provided, that "no such partnership shall be deemed to be formed until such paper and a certificate of such oath, or a certified copy thereof, shall be admitted to record as to each person signing the same in each

county and corporation in which the place or places of the said business may be. The said paper and certificate shall be recorded in a separate book to be kept for the purpose, and be indexed in the name of such partnership."

By section 2867 it is provided, that "the parties shall publish a copy of the said paper and certificate, immediately after they are admitted to record, once a week for four successive weeks in a newspaper (if such there be) published in every such county or corporation; and if no newspaper be published in any such county or corporation, they shall post a copy of such paper and certificate for four successive weeks at the front door of the courthouse of such county or corporation. If such publication or posting be not made, the partnership shall be deemed general."

By section 2871 it is declared, that "the names of the partners, with a designation of which are general and which are special partners, shall appear conspicuously upon the front of the place or places of business of the partnership. . . ."

The first assignment of error is to the ruling of the court as set out in plaintiff's bill of exceptions No. 1, from which it appears that T. L. Felts, one of the defendants, while testifying as a witness, was asked by his attorney whether or not he had made any money or received any dividends out of the business of the Lindsey Mercantile Company, to which plaintiff by counsel objected, but the court overruled the objection and permitted the witness to answer the question. The witness in answering said question said that he had lost all the money he had put into the business of the Lindsey Mercantile Company, Limited, and had never received any dividends from said business. The plaintiff asked the court to strike out the answer, but the court refused to do so.

We think this ruling of the court erroneous. It was wholly immaterial to the issue whether T. L. Felts had or

had not lost the money he had put into this company, or whether he had or had not received any dividends from the business. That the debt was due is shown by the verdict of the jury, which finds for the sum demanded against the general partner, and the sole question is whether there has been a compliance with the statute which exonerates the other defendants, among them T. L. Felts, from liability for this debt.

The plaintiff in error, by proper bills of exceptions, calls in question the propriety of the judgment of the circuit court in refusing certain instructions asked for by the plaintiff in error, and in giving certain other instructions at the instance of the defendants in error.

Instruction No. 1, asked for by the plaintiff and refused by the court, tells the jury that they must find for the plaintiff, unless the paper offered in proof as the statement and affidavit under which the Lindsey Mercantile Company was formed had been recorded in the clerk's office of Grayson county in a separate book kept for that purpose, and been indexed in the name of the Lindsey Mercantile Company, Limited.

It appears from the evidence that there was a book in the clerk's office labeled "Roads" and "Limited Partnerships"; that the custom of keeping road records in this book was discontinued before the said articles were recorded, and it has never been used since for road purposes; that the articles are not indexed in the book in the name of the Lindsey Mercantile Company, Limited, but that the index shows "Limited Partnership"; and that this partnership is the only limited partnership which appears of record in Grayson county, Virginia.

It is a matter of contention between the parties, whether or not the court should construe the statutes with respect to limited partnerships strictly or liberally, and upon this subject the courts seem somewhat at variance. On the one

side it is contended that those who claim under a statute which derogates from the common law must show strict compliance with its terms; on the other hand, that the statutes are remedial in their nature, and entitled to a liberal construction.

Perhaps the suggestion in Bates on Limited Partnerships, sec. 13, that "provisions for the protection of third persons are to be liberally construed in favor of such persons, which means strictly against the special partner; and provisions which cannot affect the rights of third persons will be liberally construed, so as not to forfeit the protection of the statute without reason," offers a satisfactory solution of the difficulty. It seems to us clear that as the liability of a general partner is *in solido* for all the debts of the firm, and that the statute law, by virtue of which alone a limited partnership exists, has provided that upon a compliance with its terms special partners shall come under a limited liability, there is no hardship in requiring a person seeking such limitation upon his liability to show a compliance upon his part with the terms of the statute upon which he relies—that the courts should adopt and enforce a reasonable construction of the statute which, on the one hand, will not defeat one of the objects of the law, which is to induce the investment of capital in business, and upon the other hand will not, under cover of a substantial compliance with the requirements of the statute, fritter away the protection which the law has thrown around those who deal with the firm.

To this effect is section 205 of Gilmore on Partnership, where it is said: "The better view, and the one toward which the courts are now tending, would seem to be that those provisions of the statute which are clearly for the protection of creditors should be strictly complied with, but that a mere formal defect or technical violation of the statute should not make the special partner liable as a gen-

eral partner, unless it can be shown that creditors have been misled."

Plaintiff's instruction No. 1 we think very well illustrates what we conceive to be a just and reasonable construction of the law. We think that the requirement that the paper offered in evidence as the statement and affidavit under which the Lindsey Mercantile Company, Limited, was formed, should be recorded in a separate book kept for that purpose, was sufficiently complied with in this case, as shown by the facts to which we have alluded; but, on the other hand, the requirement of law that the statement be indexed in the name of the Lindsey Mercantile Company, Limited, is not answered by the proof that the index shows "Limited Partnership," and that this partnership is the only limited partnership which appears of record in Grayson county.

Instruction No. 1, asked for by the defendants in error, having been refused by the court, is not the subject of exception by the plaintiff in error, but the principle which it embodies is one of importance and it will not be improper to discuss it. It proceeds upon the idea that knowledge upon the part of the plaintiff as to who were the general and who were the special partners, and of other facts connected with the firm, was sufficient to bring the defendants within the protection of the law as to special partners. We do not think that knowledge has anything to do with the question.

It was said by this court in *Hoge* v. *Turner,* 96 Va. 624, 32 S. E. 291, in speaking of section 2877 of the Code, which relates to doing business as a trader with the addition of the words, "factor," "agent," etc., that its provisions apply without regard to knowledge by the creditor of the principal, if principal there be, for "knowledge or want of knowledge does not affect the application of the statute. It is an immaterial matter."

In 19 Am. & Eng. Ency. L. (2d ed.), p. 340, it is said: "The question is not one of good faith on the part of the

members, nor of notice to creditors, nor whether the creditors had actual knowledge of the facts required to be set out in the recorded statement, but whether the members conformed to the law in their attempt to form a limited partnership."

In 30 Cyc. at p. 762, it is said, that "There is authority for the view that persons who deal with a firm as a limited partnership are estopped from denying the validity of its organization, but the better doctrine is that creditors are not thus estopped, unless they have advised the partners to carry on their business in this irregular manner or have expressly assented to the limited liability of the special partner."

Nor will good faith and an honest intention to comply with the statute protect the special partner; nor need a creditor prove that he has been injured by a failure to comply with the statute. The statute must be actually complied with. George on Partnership, sec. 197.

Instructions 3 and 4 deal with so much of section 2871 as provides, that "The names of the partners, with a designation of which are general and which are special partners, shall appear conspicuously upon the front of the place or places of business of the partnership."

That we consider one of the most material provisions of the statute for the protection of creditors, and means just what the language imports. It must *"appear,"* that is be obvious and manifest, *"conspicuously,"* that is, plain to the eye and easily seen. There must be some sign or writing conveying the information required by the statute, appearing conspicuously upon the front of the place or places of business of the partnership. The place to which it is attached must be conspicuous, and it must also be conspicuous in the sense that it may be easily read.

We do not think that the evidence in this case in these respects measures up to the requirements of the law. Two typewritten papers placed at a height of eight and one-

fourth feet from the floor, illegible to one standing on the floor at the entrance of the doors or on the sidewalk adjacent thereto, and almost illegible after being taken down from their position above the door, one of them written on a piece of paper seven and three-fourths inches long and two and three-fourths inches wide, and the other one inch wide and about four inches long, upon which nothing was legible, exposed to the weather for months, are neither a literal nor a substantial compliance with the law upon that subject. It appears, indeed, that for a considerable period of time there were no notices such as the law required.

We are of opinion that the judgment should be reversed and the case remanded for further proceedings to be had in accordance with this opinion.

*Reversed.*