Alexander BISNO and Sally Bisno, Appellants,

v.

Marvin F. HYDE, Appellee.

No. 17061.

United States Court of Appeals Ninth Circuit.

April 4, 1961.

Alexander Bisno and Sally Bisno, both in pro. per. (Ronald E. Landers, Hollywood, Cal., of counsel), for appellants.

William Tiernan, Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

CHAMBERS, Circuit Judge.

Hyde sued the bankrupt Bisnos as co-partners in this diversity action for fraudulent conversion of some $12,000.00 sent to Alexander Bisno by Hyde to purchase an interest in the soon-to-be bankrupt Moulin Rouge hotel-gambling house at Las Vegas, Nevada. The Bisno business in Las Vegas was carried on under the fictitious name of Nevada Real Estate Loan Company. After a trial before the court, findings of fact, conclusions of law and judgment were entered in favor of Hyde in the amount demanded. Obviously the purpose of the suit is to frustrate[1] for Hyde the bankruptcy taken by the Bisnos after Alexander obtained the money which at least he "lost" for Hyde.

Alexander claims there was insufficient evidence, but as we examine the record and his argument, he can only contend that the trial court might properly have found for him. But it did not. And, the judgment as to him is amply supported by evidence.

As to Sally Bisno, it is asserted that she was a limited partner, that Nevada law applies, and that Nevada law exempts

1. 11 U.S.C.A. § 35.

ordinarily a limited partner for liability for a general partner's fraud. Hyde does not dispute that Nevada law applies. So we shall assume it does.

While there is a paucity of partnership law decisions handed down by the Nevada Supreme Court, both the Uniform Partnership Act and the Uniform Limited Partnership Act have been in effect in Nevada since the year 1931. So there are some apposite decisions in the country to which we can turn and assume would be followed in Nevada.

■ Sally testified that her understanding was that she was a limited partner, but that she doesn't believe the partnership agreement was ever recorded anywhere. Her answers are consistent with there never having been a written agreement or certificate. (Alexander says in his brief that the partnership of himself and his wife was for tax purposes.) Section 88.030 of Nevada Revised Statutes (Section 2 of the Limited Partnership Act) provides for the execution and recording of a certificate setting forth some 14 details of any particular limited partnership. And, without filing of the certificate, as to outsiders, one doesn't achieve the limitations of limited partnership.

■ In his complaint, Hyde said Alexander and Sally were partners. In their separate answers, the Bisnos each recited they were partners and said nothing about being limited partners. We would think to get any advantage of the limitations of liability of limited partnership, one would have to plead the special status; otherwise, the status should be taken as that of general partnership— the usual thing. We so hold. See Mud Control Laboratories v. Covey, 2 Utah 2d 85, 269 P.2d 854. Further, there is no indication that they could have rightly pleaded compliance with the necessary steps to accomplish a limited partnership for Sally and, therefore, limited liability for her.

Proceeding on the theory that the Bisnos have shown nothing adequate to take them out of a general partnership status, we are of the opinion that under Nevada law and the Uniform Partnership Act all general partners would be liable for the conversion of Hyde's assets. Brooks v. Davis, 294 Mass. 236, 1 N.E.2d 17. Cf. Peach Motor Express Co. v. Salmon, 73 Ga.App. 816, 38 S.E.2d 302.

Sally Bisno relies on Section 87.120, Nevada Revised Statutes, (Section 12 of the Uniform Partnership Act) reading as follows:

"Partnership charged with knowledge of or notice to a partner. Notice to any partner of any matter relating to partnership affairs, and the knowledge of the partner acting in the particular matter, acquired while a partner or then present to his mind, and the knowledge of any other partner who reasonably could and should have communicated it to the acting partner, operate as notice to or knowledge of the partnership, *except in the case of fraud on partnership committed by or with the consent of that partner.*" (Emphasis by Mrs. Bisno.)

This section itself and Section 87.090 subd. 1,[2] Nevada Revised Statutes, virtually answer her contention, and we so hold. The exception on notice and knowledge is when the fraud is on the partnership, not when the fraud is by a partner acting for the partnership for its benefit.

The judgment is affirmed.

---

**2.** § 87.090, subd. 1 of the Nevada Statutes (Sec. 9, subd. 1 of the Uniform Partnership Act) is as follows:

"Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."