411 P.2d 230

Herman F. HOEFER, Plaintiff-Appellee,

v.

Tate HALL, Defendant-Appellant.

No. 7679.

Supreme Court of New Mexico.

Dec. 6, 1965.

Rehearing Denied Feb. 14, 1966.

McKenna & Sommer, Santa Fe, for appellant.

Bigbee & Byrd, Arthur Coleman, Santa Fe, for appellee.

COMPTON, Justice.

The plaintiff instituted this action against the defendant to recover on a promissory note in the amount of $5,000.00, executed and delivered to him by the defendant and alleged to be for monies loaned.

The defendant admitted the execution and delivery of the note but affirmatively answered, among other things, that simultaneously with the execution of the note, and as a part of the same transaction, the parties entered into a limited partnership agreement which required the plaintiff to pay to the defendant $5,000.00 in exchange for a 5% interest in the partnership when the business of the partnership had been in operation for a period of six months. He further alleged that at the time of the execution of the promissory note and partnership agreement, the parties orally agreed that payment of the note would be made by the application of the money due thereunder to the partnership contributions; that the partnership business was continuously operated for a period of six months and that the obligation under the note was so applied. The defendant counterclaimed against the plaintiff for $5,000.00.

Following a pretrial conference, and upon consideration of the pleadings, affidavits and depositions, the court granted the plaintiff's motion for summary judgment and dismissed the defendant's counterclaim. From this judgment the defendant appeals.

The following facts are uncontroverted. In late 1957, the appellant, Tate Hall, was seeking funds with which to commence a business consisting of the sale of dry cleaning and laundry receiving boxes manufactured in accordance with plans and specifications and pursuant to a patent to be applied for by him. On December 6, 1957, he received from appellee Hoefer the sum of $5,000.00 for which he executed and delivered his promissory note due and payable, without interest, on July 1, 1958. Simultaneously with the execution of the note the appellee entered into a limited partnership agreement with the appellant whereby they agreed to form a limited partnership pursuant to § 66–2–2 of the Uniform Limited Partnership Act, N.M.S.A.1953 Comp., and to execute a certificate of limited partnership.

Thereafter, on January 2, 1958, the appellant and the appellee executed a certificate of limited partnership which included the name of the firm as Volume Service Company, the names and addresses, respectively, of appellant as general partner, and of the appellee as limited partner, and provided, insofar as pertinent here, that:

"5. The partnership will begin upon the execution of this certificate and continue for a term of five years * * *.

"6. The property contributed by each of the limited partners shall be Five Thousand Dollars ($5,000) each in cash.

\* \* \* \* \* \*

"8. The contribution of the limited partners shall be made six (6) months after the commencement of the partnership business."

This certificate, although complying in all other respects with § 66–2–2, supra, was never recorded as provided in (1)(b) thereof.

As grounds for summary judgment, the appellee asserted, first, that there was no genuine issue as to any material fact concerning payment of the promissory note since the uncontradicted evidence established the liability of the appellant on said note and established, as a matter of law, that he had no right or authority to make payment of it otherwise than as specified by the note itself. Secondly, and in the alternative, he asserted that there was no genuine issue as to any material fact regarding the commencement of business or duration of time during which business was conducted by the partnership because, as a a matter of law, the proposed limited partnership never came into existence and, consequently, no money was ever due from the appellee by virtue of said agreement.

The order granting the motion for summary judgment simply set forth that there was no genuine issue as to any material fact establishing the liability of appellant to appellee as to the amount claimed, and that the counterclaim of the appellant should be denied as a matter of law.

While this order does not indicate the exact reasoning behind the final granting of summary judgment, we note from the record that it closely followed the filing by the appellee of a certificate of the County Clerk of Santa Fe County that no certificate of limited partnership was filed for record in that office. It would appear that the trial court denied the appellant's counterclaim, as a matter of law, on the ground that a limited partnership never came into existence under which any obligations on the part of the appellee could have arisen.

The appellant urges here that the trial court committed prejudicial error in granting summary judgment on the grounds (1) there was no genuine issue of material fact regarding the commencement and duration of the business of the partnership, and (2) that the appellant had no right or authority to make payment of the note other than as specified therein. A third point relates to the validity of offsetting the appellee's obligations, assuming that they existed, against the promissory note.

As we view it, the crucial issue is whether the failure to record the certificate of limited partnership as provided in our Uniform Act, supra, as a matter of law precludes

the existence of a partnership insofar as the parties to the agreements, inter se, are concerned.

We have not found, nor has our attention been directed to any case directly in point. Nevertheless, a thorough examination of the authorities on the subject of limited partnerships leaves no doubt as to the purpose for which they are created and the reason for statutory regulation of their formation.

■ A limited partnership is strictly a creature of statute, its object being to enable persons not desiring to engage in a particular business, to invest capital in it and to share in the profits which might be expected to result from its use, without becoming liable as general partners for all partnership debts. In other words, it is a form of partnership in which the liability to third persons of one or more of its members is limited to a fixed amount. Vol. 2, Rowley on Partnership, 2d Ed., § 53.0, pp. 549–552; Vol. 8, U.L.A., p. 2; Lanier v. Bowdoin, 282 N.Y. 32, 24 N.E.2d 732; Ruzicka v. Rager, 305 N.Y. 191, 111 N.E.2d 878, 39 A.L.R.2d 288.

■ The main purpose of statutory regulation is to ensure the limitation on the liability of limited partners. It naturally follows that in order to obtain the privilege of limited liability, one must conform to the statutory requirements. Gilman Paint & Varnish Co. v. Legum, 197 Md. 665, 80 A.2d 906; R. S. Oglesby Co. v. Lindsey, 112 Va. 767, 72 S.E. 672; Mud Control Laboratories v. Covey, 2 Utah 2d 85, 269 P.2d 854; Bisno v. Hyde, 290 F.2d 560 (9th Cir. 1961); 68 C.J.S. Partnership § 450, p. 1006; and 40 Am.Jur., Partnership, § 506, p. 475.

■ Obviously, the purpose of the requirement that the certificate shall be recorded is to acquaint third persons dealing with the partnership with the essential features of the partnership arrangement. Stowe v. Merrilees, 6 Cal.App.2d 217, 44 P.2d 368.

■ Under the circumstances of this case, where neither the rights of third parties nor a partner's claim of limited liability is involved, we cannot see how the failure to record the certificate could affect the existence of a limited partnership insofar as the parties, inter se, are concerned.

The written agreement is clear and unambiguous. Its execution and genuineness is stipulated to by the parties. They agreed to form a limited partnership pursuant to statute and to execute a certificate setting forth, among other things, its duration. It specifically provided that the partnership was to begin upon the execution of the certificate. And there is evidence in the record that after the execution of the written instrument business of the partnership was transacted. Thus, the appellee is in no position to contend that he is not bound by his own contractual acts. Compare Bencoe v. Bencoe, 62 N.M. 95, 305 P.2d 370; Mist Properties, Inc. v. Fitzsim-

mons Realty Co., Sup., 228 N.Y.S.2d 406; Lanier v. Bowdoin, supra; Arrow Petroleum Company v. Ames, 128 Ind.App. 10, 142 N.E.2d 479; Mud Control Laboratories v. Covey, supra; Bisno v. Hyde, supra. Also see Homestake Mining Co. v. Mid-Continent Exploration Co., 282 F.2d 787 (10th Cir. 1960).

 We conclude that a limited partnership as between the parties came into existence upon the execution by them of the certificate of limited partnership. It follows that there remains for determination genuine issues of material fact as to the commencement and duration of the business of the partnership in order to determine the liability, if any, of the appellee.

The conclusion reached obviates a determination of the other points raised by the appellant. The judgment is reversed and the cause remanded for a trial on the merits.

It is so ordered.

NOBLE and MOISE, JJ., concur.

## ON MOTION FOR REHEARING

COMPTON, Justice.

 We have no doubt that the written terms of a promissory note can be explained by parol evidence, at least so far as it concerns the right of a maker of a note to offset an account then existing against the note. Bromfield v. Trinidad National In-

vestment Company, (C.A.10, 1929) 36 F.2d 646, 71 A.L.R. 542; Note in 71 A.L.R. 548, 570; B. F. Goodrich Co. v. Brooks, (Fla. App.1959) 113 So.2d 593, and authorities cited therein. By affidavit filed in the case, it is made amply clear that an issue of fact in this regard was present. Accordingly, this ground furnishes no sufficient basis for the court's ruling.

The motion for rehearing should be denied, and it is so ordered.

NOBLE and MOISE, JJ., concur.