HARRY DAVID ZUTZ INSURANCE, INC.,
a Delaware Corporation, Plaintiff,

v.

H. M. S. ASSOCIATES, LIMITED, a Florida
Limited Partnership, et al., Defendants.

Superior Court of Delaware,
New Castle.

Submitted Feb. 24, 1976.

Decided June 29, 1976.

Howard M. Handelman, and Jeffrey M. Weiner, of Bayard, Brill & Handelman, Wilmington, for plaintiff.

Peter M. Sieglaff, of Potter, Anderson & Corroon, Wilmington, for H. M. S. Associates, Limited and H. M. S. Properties, Inc.

Jane R. Roth, of Richards, Layton & Finger, Wilmington, for Richard D. Salpeter.

TAYLOR, Judge.

This is an action brought for the collection of premiums due on an insurance policy. The plaintiff is Harry David Zutz Insurance, Inc. [Zutz], a Delaware corporation. Defendants are H.M.S. Associates, Limited [Associates], a Florida limited partnership, H.M.S. Properties, Inc. [Properties], a Florida corporation, and Richard Salpeter, individually and as the general partner of Associates. Salpeter is a resident of Delaware.

Service of process was made upon Salpeter personally and upon Associates by serving Salpeter as its general partner. Properties was served by service upon the Delaware Secretary of State, pursuant to 8 Del.C. § 382, the Delaware "long arm" statute.

All defendants have moved to dismiss: Associates on the ground that Salpeter was no longer a general partner of Associates on the date of service of process and that service was, therefore, ineffective; Properties on the ground that it was not subject to service under the Delaware long arm statute; and Salpeter on the grounds of *forum non conveniens* and the absence of indispensable parties. The facts pertinent to these motions are set out below in the discussions of the various arguments for dismissal.

## I. SERVICE OF PROCESS UPON THE LIMITED PARTNERSHIP, ASSOCIATES

The manner in which a limited partnership may be served in Delaware is set forth in 6 Del.C. § 1727(a).[1] In pertinent part, that section provides as follows:

"(a) Service of legal process upon any limited partnership of this State shall be made by delivering a copy personally to any officer, managing or general agent or general partner of the limited partnership in this State, or the registered agent of the limited partnership in this State, or by leaving it at the dwelling house or usual place of abode in this State of any such officer, managing or general agent, general partner or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the limited partnership in this State."

Pursuant to this statute, plaintiff served defendant Associates by delivering a copy of the complaint to defendant Salpeter, with whom plaintiff had had dealings as a general partner of Associates. Associates contends that this service of process was ineffective because its partnership agreement was amended, prior to service of process, so as to transfer all of Salpeter's interest as a general partner to E. Leslie Peter. However, this change in the agreement was not publicly recorded by amendment of the Certificate of Limited Part-

---

nership until shortly after Salpeter was served. The question which this Court must decide is whether, under these facts, plaintiff was entitled to treat Salpeter as a general partner of Associates at the time of service upon him.

Plaintiff argues that the mandatory language of § 620.24(2) [2] of Florida's Limited Partnership statute, which is taken from the Uniform Partnership Act of 1952, requires an amendment which terminates the interest of a general partner to be made a matter of public record before it may take effect. Associates, on the other hand, argues that the amendment is effective when agreed upon, as long as it is recorded within a "reasonable" time, and that since plaintiff did not rely upon the recorded Certificate to its detriment, it should not now be permitted to rely upon the date of recording to defeat service of process.

The argument that filing of an amendment to a limited partnership certificate is not a prerequisite to its being effective if filing occurs within a reasonable time is based on a quotation from 2 *Rowley on Partnership*, p. 560, § 53.2 and *Stowe v. Merrilees*, 6 Cal.App.2d 217, 44 P.2d 368 (1935). It is noted that the language upon which Associates relies is in a section which relates to the formation of the partnership and not to a subsequent amendment changing a partner's status. A footnote to the quotation cites *Stowe v. Merrilees*, supra, and *Levy v. Lock*, N.Y.Com. Pl., 5 Daly (N.Y.) 46, 47 How.Pr. 394 (1874), both of which point out that despite late filing of the certificate, the transaction in litigation occurred after filing of the certificate. Assuming that this principle may be applied to amendments changing a partner from general to limited status, it apparently only applies where filing of the amendment antedates the matter which is sought to be affected by the amendment. Since there was no filing

here before service, the holdings in *Stowe* and *Levy* are not applicable.

No Florida case has been found which answers the question of whether a general partner of a limited partnership may terminate his status as a general partner without formal amendment of the Certificate of Limited Partnership. The courts of other jurisdictions, however, have generally required strict compliance with all statutory formalities before a limited partnership agreement is given effect. Thus, they have held that where a partnership agreement is entered under which some parties are named as limited partners, such named partners are not entitled to the protection of limited partnership status, until the formal recording requirements have been met. *Ruth v. Crane*, E.D.Pa., 392 F.Supp. 724 (1975); *Tiburon National Bank v. Wagner*, 265 Cal.App. 868, 71 Cal.Rptr. 832 (1968). See also, *Delaney v. Fidelity Lease Limited*, Tex.Supr., 526 S.W.2d 543 (1975); *Lowe v. Arizona Power & Light Co.*, 5 Ariz.App. 385, 427 P.2d 366 (1967); *Bisno v. Hyde*, 9th Cir., 290 F.2d 560 (1961) (applying Nevada law); *Filesi v. United States*, 4th Cir., 352 F.2d 339 (1965) (applying Maryland law). The rule that in order to have the protection permitted by the statute there must be strict compliance with the recording provisions has been held to govern the relationship between a member of the partnership and a member of the public dealing with the partnership. Ibid. This rule logically is also binding on the partnership as well as the individual partner since the purpose of the statute is to provide protection for the public in its relationship to the partnership. *Widder v. Leeds*, Del.Ch., 317 A.2d 32 (1974), decided by the Delaware Court of Chancery, supports strict application of the recording requirements for limited partnerships.

Some courts have held that, as between parties to a limited partnership agreement,

---

**2.** "A certificate shall be amended when: (j) The members desire to make a change in any other statement in the certificate in order

that it shall accurately represent the agreement."

the agreement is enforceable even though all statutory requirements have not been strictly complied with. *Brown v. Brown,* 15 Ariz.App. 333, 488 P.2d 689 (1971); *Hoefer v. Hall,* N.Mex.Supr., 75 N.M. 751, 411 P.2d 230 (1966). However, plaintiff is governed by the rule applicable to a member of the public.

Associates contends that, in the instant case, the question of whether process was effectively served upon Associates by service upon Salpeter should not turn on Associates' compliance or failure to comply with all statutory requirements for changing Salpeter's status from general partner to limited partner. It is argued that strict compliance with the statute, by formal amendment of the certificate of limited partnership, should not be viewed as a controlling factor in this case, since plaintiff in no way relied upon the certificate in choosing to serve Associates by serving Salpeter. In the cases cited above, the courts have held, when faced with a similar question, that where the status of a party to a limited partnership agreement, as against a third party, depends on whether statutory formalities have been met, it is of no significance that the third party did not rely to his detriment upon the agreement as recorded. *Delaney v. Fidelity Lease Limited,* supra; *Tiburon National Bank v. Wagner,* supra.

This contention runs counter to the concept of recording statutes. The concept is that in order for a party to be entitled to the benefit of special status, namely, limited partner status, for which recording is required, notice must be given to the public by means of recording an instrument setting forth that status. The statute provides a particular method by which this status can be achieved and it contains no language indicating that it was intended to be confined to instances where a member of the public has examined the public records. I conclude that insofar as matters involving the public recording is a prerequisite to the assertion of the status—here,

the limited partner status—absent possibly the showing of actual knowledge on the part of the individual involved.

I conclude that the answer is found in the Florida statute. In order to add limited partners, the partnership certificate must be amended. Florida Annotated Statutes § 620.08. A partnership certificate is amended by filing an appropriate certificate with the Secretary of State. Ibid, § 620.25(5). "After the certificate is duly amended in accordance with this section, the amended certificate shall thereafter be for all purposes the certificate provided for by this chapter." Ibid, § 620.25(6). The *quoted language makes it clear that* the original limited partnership certificate is not to be deemed amended until the amendment has been properly filed. Applying this statute, I conclude that, insofar as plaintiff is concerned Salpeter remained a general partner of Associates at the time service was undertaken on Associates via its general partner. It is not necessary to consider the effect of actual knowledge of change of a partner's status, since it is not contended that plaintiff had in fact been informed of the change of status. The fact that plaintiff relied on his prior information and did not specifically rely upon the recorded certificate in choosing to serve Salpeter is of no consequence.

Service upon Associates was accomplished under the statute by serving Salpeter, its general partner. Accordingly, Associates' motion to dismiss is denied.

## II. SUSCEPTIBILITY OF THE FLORIDA, CORPORATION TO PROCESS IN DELAWARE

Service of process upon a foreign corporation which transacts business in Delaware may be accomplished as provided in 8 Del.C. § 382. In pertinent part, that section provides as follows:

"(a) Any foreign corporation which shall transact business in this State without having qualified to do business under

§ 371 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil action, suit or proceeding against it in any state or federal court in this State arising or growing out of any business transacted by it within this State. The transaction of business in this State by such corporation shall be a signification of the agreement of such corporation that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer or agent personally within this State.

(b) The provisions of § 373 of this title shall not apply in determining whether any foreign corporation is transacting business in this State within the meaning of this section; and 'the transaction of business' or 'business transacted in this State,' by any such foreign corporation, whenever those words are used in this section, shall mean the course or practice of carrying on any business activities in this State, including, without limiting the generality of the foregoing, the solicitation of business or orders in this State. The provisions of this section shall not apply to any insurance company doing business in this State."

Pursuant to this statute, plaintiff purported to serve defendant Properties, a Florida corporation which has not qualified to do business under 8 Del.C. § 371, by service upon the Secretary of State of Delaware.

The statute sets out the requirements under which jurisdiction over a foreign corporation may be involved. First, it requires that the foreign corporation transact business in this State. Second, by its definition of "transaction of business" 8 Del.C. § 382 requires a "course or practice of carrying on any business activities" in Delaware.[3] This is in contrast to statutes which apply long-arm jurisdiction where the foreign corporation engages in only a single transaction in a State. *27 A.L.R.3d* 397–556. Third, 8 Del.C. § 382 confines jurisdiction over a foreign corporation to suits "arising or growing out of any business transacted by it within this State." Thus, susceptibility to service of process is confined to cases arising or growing out of business which it transacts within Delaware. *Scott Paper Company v. Scott's Liquid Gold, Inc.,* D.Del., 374 F.Supp. 184 (1974); *Simpson v. Thiele, Inc.,* D.Del., 344 F.Supp. 7 (1972).

Properties is engaged in the business of operating nursing care centers in Florida. The centers are located on eleven sites which are owned by Associates, leased to Properties, and subleased to Health Maintenance Organizations, Inc. [HMO], a subsidiary of Properties.

Beginning in 1972, defendant Properties and its subsidiary began negotiating with plaintiff for insurance coverage for the operation of the nursing homes. The initial contacts were made by defendant Salpeter, the president of Properties, from his Delaware address. By letter dated May 9, 1972, mailed to plaintiff at its Delaware address, Properties authorized Zutz to handle and negotiate all of its insurance matters. This letter of authorization was signed by Salpeter as president of Properties, and gave the following address caption at the top of the page:

"HMS Properties, Inc.
207 Churchill Drive
Wilmington, Delaware 19803"

◼ The record is in conflict, however, as to whether Properties transacted business in Delaware as required by the statute. It has not been contended that Properties had transactions in Delaware other than those in litigation here. By affidavit, defendant Salpeter has sworn that all nego-

---

3. The development and objectives of this law are discussed in *Nacci v. Volkswagen of* *America, Inc.,* Del.Super., 297 A.2d 638 (1972).

tiations were carried on in Florida. On the other hand, the affidavit of Frank T. Wharton, a vice president of Zutz, states that "virtually all" of the negotiations leading to the purchase of the insurance policies involved in this litigation were conducted in Delaware. Because of the direct conflict created by these affidavits, it is impossible to determine from the record whether Properties transacted business in Delaware so as to be subject to service of process under 8 Del.C. § 382. It is therefore necessary to conduct a hearing for the determination of the facts which bear upon the applicability of 8 Del.C. § 382. *Nacci v. Volkswagen of America, Inc.*, supra. The parties should meet with the Court for the scheduling of a hearing.

## III. INDISPENSABLE PARTIES

■ Salpeter has also moved for dismissal under Superior Court Civil Rule 19(b). The rule requires that, where an "indispensable party" has not and cannot be made a party to the action, the Court shall determine whether in equity and good conscience the action should proceed among those parties before the Court.

Salpeter contends that Properties, HMO, and E. Leslie Peter are all indispensable parties. Neither HMO nor E. Leslie Peter have been joined as defendants. Properties is a named defendant, but it has contested the validity of services upon it. For purpose of this discussion, it will be assumed that all three are potential co-obligors on the obligation which is the subject of this litigation.

The Delaware Supreme Court has recognized that the absence of a co-obligor does not require a dismissal as to another co-obligor based upon Rule 19(b). *Scott v. Kay*, Del.Supr., 227 A.2d 572 (1967); cf. *Reybold v. Parker*, Del.Ct.Err. & App., 6 Houst. 544, 32 A. 981 (1887). Co-obligors are "conditionally necessary" parties, and unavailability of co-obligors to service of process frees the litigation to proceed

against co-obligors who have been properly made parties to the litigation, unless other reasons exist which make it impossible for the Court to proceed. Ibid. There has been no such showing here. The motion to dismiss on this ground is denied.

## IV. FORUM NON CONVENIENS

■ Defendant Salpeter has moved for dismissal based upon the doctrine of *forum non conveniens.* The application of this doctrine requires the Court to consider various criteria which have been set forth by the Delaware courts:

(1) The applicability of Delaware law;

(2) The relative ease of access to proof;

(3) The availability of compulsory process for witnesses;

(4) The possibility of a view of the premises;

(5) The pendency or nonpendency of a similar action or actions in another jurisdiction; and

(6) All other practical considerations which would make the trial easy, expeditious, and inexpensive.

*Life Assur. Co. of Pa. v. Associated Invest. Int. Corp.*, Del.Ch., 312 A.2d 337 (1973); *Parvin v. Kaufmann*, Del.Supr., 236 A.2d 425, 427 (1967); *General Foods Corp. v. Cryo-Maid*, Del.Supr., 41 Del.Ch. 474, 198 A.2d 681 (1964).

■ Admittedly, some of these factors would appear to lend weight to the application of the doctrine in this case. Florida law, rather than Delaware law, is applicable. Some items of proof are located in Florida. Some witnesses which defendant may wish to call may not be subject to compulsory process in Delaware. These factors, however, are not enough to entitle defendant to a dismissal.

Application of the doctrine of *forum non conveniens* presupposes at least two forums

in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them. *Life Assur. Co. of Pa. v. Associated Invest. Int. Corp.,* supra. There has been no showing that defendant Salpeter is amenable to process in Florida, the forum which is claimed to be the more appropriate forum.

Moreover, the allegation that some items of proof and some witnesses are located in Florida is not sufficient for the invocation of the doctrine of *forum non conveniens.* Defendant has made no showing, by particularizing the nature of these allegations, that the location of witnesses and evidence would make another forum a more convenient one for the parties overall. See *States Marine Lines v. Domingo,* Del. Supr., 269 A.2d 223 (1970), aff'g. Del. Super., 253 A.2d 78 (1969); *Miracle Stretch Underwear Corp. v. Alba Hosiery Mills,* D.Del., 136 F.Supp. 508 (1955). There is no showing that the witnesses are not within the control of defendants and that the evidentiary items are not within defendants' control and that their transportation to Delaware would be unduly burdensome. Finally, the parties agree that a view of the premises is not a significant factor in this case. The fact that there is no indication that there is any related action pending in another jurisdiction is a reason why dismissal should be denied. Cf. *Robino-Ladd v. Radley Run,* Del. Super., 933 C.A.1973, Ltr. Opinion October 24, 1974, Taylor, J. Where the same cause of action is being litigated here and elsewhere, priority is a factor which is given weight. *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.,* Del. Supr., 263 A.2d 281 (1970).

Defendant has failed to meet the difficult burden of showing that the combination and weight of the above-listed factors balance overwhelmingly in his favor. The motion to dismiss on the ground of *forum non conveniens* is denied. *Kolber v. Holyoke Shares, Inc.,* Del.Supr., 213 A.2d 444, 447 (1965).

### V.

In summary, the motion of Associates to dismiss is denied; the motion of Properties to dismiss is deferred pending fact hearing; the motion of Salpeter to dismiss on the grounds of forum non conveniens and lack of indispensable parties is denied.

IT IS SO ORDERED.