**In re REY CAFE COFFEE SERVICES, LTD., a New Mexico limited partnership, Employer ID No. 85–0278983, Debtor.**

**Bankruptcy No. 82–00689 M A.**

United States Bankruptcy Court,
D. New Mexico.

Oct. 29, 1982.

Nathan H. Mann, Albuquerque, N.M., for Robert Singer.

R. Thomas Dawe, Roy F. Miller, Jr., Albuquerque, Co-counsel for Rey Cafe Co., Inc., Stewart & Flores.

Larry L. Lamb, Albuquerque, N.M., for Edward J. Cunion.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the motion of Edward J. Cunion, Jr., to dismiss the involuntary petition of Rey Cafe Coffee Services, Ltd., a New Mexico limited partnership (the partnership). The grounds for the motion are that the limited partnership never existed because the contributions required to have been made by the limited partners pursuant to the limited partnership agreement were never made. Movant Cunion further contends that the certificate of limited partnership was not properly filed since the contributions were not made, the result being that the partnership is not a legal entity over which this Court can exercise personal or subject matter jurisdiction.

The evidence presented at the hearing on the motion indicated that the partnership was to be formed with three general and two limited partners, with each partner, general and limited, to contribute a fixed amount. One limited partner, Rey Cafe Coffee Company, Inc. (the corporation), was to make a contribution of $35,000.00. Movant Cunion contends that it is the failure of the corporation to make this contribution which causes the partnership to fail. However, no evidence was presented at the hearing which showed that such a contribution was not made, at least in kind. Further, even if all of the contribution was not made, leaving the partnership lacking in its technical requirement, New Mexico law does not require a finding that the partnership never existed. As between the partners themselves, if it was intended that a limited partnership exist, and if actions were taken which indicate that the partners thought they were participating in a limited partnership, then as between the partners, a limited partnership did exist. *Hoefer v. Hall,* 75 N.M. 751, 411 P.2d 230 (1965); *Electric Supply Company, Inc. v. United States Fidelity and Guaranty Company,* 79 N.M. 722, 449 P.2d 324 (1969). It is persuasive that a certificate of limited partnership was filed and that the partnership did business as a limited partnership for some months. *Hoefer v. Hall, supra,* 75 N.M. at 755, 411 P.2d at 233. We are also bound to consider all evidence in light of the rule of construction provided in the limited partnership act itself, which states that any rule requiring strict construction shall not apply to the statute. N.M.Stat.Ann. § 54–2–28 (1978). When taken in conjunction with the rule that reasonable rather than unreasonable interpretations are proper when considering agreements between parties, *Brown v. American Bank of Commerce,* 79 N.M. 222, 441 P.2d 751 (1968), this Court is left with no alternative than to find that a limited partnership was formed in February 1980 with the general partners being Edward J. Cunion, Jr., Robert N. Singer, and Toney Anaya and the limited partners being the corporation and John W. Rose. For that reason, we find that movant Cunion's motion must be denied.

We emphasize that this finding goes no farther than finding that a limited partnership called Rey Cafe Coffee Services, Ltd., a New Mexico limited partnership, was formed in February 1980. It will be necessary to litigate the question of who, on the filing date of the involuntary petition, remained partners. Until that determination is made, there can be no trial on the ability of the partnership to pay debts as they become due because only members of the partnership have standing to contest that status.

Pending the outcome of these further necessary proceedings, Walter L. Reardon, Jr., shall be appointed as interim trustee.

Appropriate orders shall enter.