344 P.2d 1001

Perry W. HURST and Estelle V. Hurst, his wife, and Elvin Hurst, Appellants,

v.

Lee J. HURST and Ilah A. Hurst, his wife, and Duane Hurst, Appellees.

No. 6673.

Supreme Court of Arizona.

Oct. 14, 1959.

John C. Hughes, Phoenix, Lawrence Ol-
lason and L. Tipton Jackson, Tucson, for
appellants.

John C. Haynes, Jr., and Harry H.
Haynes, Tucson, for appellees.

BERNSTEIN, Justice.

This is an action seeking dissolution of
a partnership and an accounting and dis-
tribution of the partnership assets.

The partnership here involved, among
Perry W. and Estelle V. Hurst, plaintiff-
appellants, and Lee J. and Ilah A. Hurst,
defendant-appellees, was formed by oral
agreement of the parties on or about Sep-
tember 25, 1950, for the purpose of farming
and developing land for farming. It con-
tinued until about March 31, 1954, when
the partnership was, as found by the trial
court, "dissolved by acts of the partners".
After the dissolution of the partnership,
appellees continued in possession and con-
trol of all of the partnership assets, con-
tinuing the farming operation, until a liqui-
dation sale was ordered by the court.

Excepting the foregoing, the most promi-
nent fact to be deduced from the highly

confused record in this case is that the arrangement among the parties in its inception was a model of looseness and in its administration a model of disarray. The parties seem to agree that they were to share equally in profits. As for the contributions to be made, however, appellants contend that capital contributions were to be made by them and by appellees in equal amounts and that appellee Lee Hurst (hereinafter referred to as appellee) was to furnish a leasehold of State land and his "personal services", i. e., appellee "was to do the [farming] work." In fact, contributions were made more in accordance with appellee's view of the agreement, appellant Perry Hurst (hereinafter referred to as appellant) providing all capital and appellee furnishing the leased land and work necessary to fulfill the venture. The other facts relevant to the appeal are better stated in conjunction with our consideration of the issues raised by appellants' assignments of error.

The appeal assigns as error, in essence, the following: (i) the finding that appellants were to contribute all funds for the advancement of the partnership business; (ii) the charging of $15,000 paid out to appellant against his ultimate interest; (iii) the refusal of the trial court to charge appellee with $6,000 on account of a loan made to him which was repaid from partnership funds; (iv) the awarding of "living and managerial expenses" to appellee of $6,000 a year for the years 1951, 1952, 1953 and 1956;[1] and (v) the denial of appellants' election of interest for, rather than profits from, the use of appellants' share of the partnership assets in the business carried on in the post-dissolution period.

The first three assignments stated may be disposed of together. Our function in reviewing findings of fact in an appeal such as that here presented is only to judge whether the findings are supported by substantial evidence, not to substitute our own factual conclusions for those of the trial judge, who formulated his judgment with the aid of firsthand impression. See Kirkpatrick v. Christensen, 68 Ariz. 364, 369, 206 P.2d 577, 581. In that light, the record does contain substantial evidence in support of each of the three determinations referred to.

The findings concerning the substance of the partnership agreement and the contribution each party was to make to the partnership business generally were in accord with the testimony of appellees, which was not so incredible that it could not rationally be accepted. Similarly, the $6,000 loan to appellee was the subject of conflicting evidence. Appellee's testimony being unequivocal that the funds were used exclusively for the benefit of the partner-

1. No award of such "expense" was made for the years 1954 and 1955 apparently because in those years the business did not show a profit. See note 2, infra.

ship business, it was not unreasonable to conclude that the parties assented to repayment of the loan from partnership funds, and we accept the trial judge's resolution of the matter. As for the $15,-000 paid to appellant, his claim is that the payment was reimbursement for a loan made to the business, and it is true that the somewhat confused testimony of appellee lends support to that claim. The record as a whole, however, is unconvincing in that regard, especially in view of the fact that a loan by appellant would be inconsistent with his obligation, as found by the trial court, to furnish the monies required to support the venture.

The fourth point of assigned error is based on the familiar general rule, enacted in Section 18 of the Uniform Partnership Act, A.R.S. Section 29–218, that, in the absence of agreement expressed or implied, a partner is not entitled to remuneration for acting in the partnership business. The pertinent finding of the trial court in its terms, however, does not award remuneration for acting in the partnership business as such, but instead grants to appellee a credit "for living and managerial *expenses*". Considering the finding in its own terms, it is conceivable that certain living and managerial expenses incurred by a partner, although benefiting him personally, nevertheless might be proper business expenses. See A.R.S. Section 29–218, paragraph 2; cf. Commissioner of Internal Revenue v. Moran, 8 Cir., 236 F.2d 595; Commissioner of Internal Revenue v. Doak, 4 Cir., 234 F.2d 704; United States v. Briggs, 10 Cir., 238 F.2d 53; Note, 57 Col. L.R. 290; 42 Corn.L.Q. 433. In the record of this case, however, we are unable to find substantial support for any such award. As for interpreting the judgment as allowing to appellee a salary for services rendered, perhaps, taking into account all of the circumstances, an agreement to compensate appellee when there were profits not required for reinvestment might be implied,[2] see Kirkpatrick v. Christensen, 68 Ariz. 364, 368, 206 P.2d 577, 580–581; Rains v. Weiler, 101 Kan. 294, 166 P. 235, L.R.A. 1917F, 571; Emerson v. Durand, 64 Wis. 111, 24 N.W. 129; but we are uncertain that that was what the trial judge intended. During the course of the trial, the trial judge stated that " * * * I don't see how, in the face of such evidence, * * * the Court could find wages." However, he later admitted testimony concerning the amount that would constitute a reasonable wage for managerial services. In light of the uncertainty of basis for the trial court's judgment, we think it appropriate that the case be remanded for a new trial on the

---

2. The testimony of Ilah Hurst on the point was that Lee Hurst "was not to get salary until it was a paying business—until what was made above expenses weren't needed to be turned back into the farming."

issue, in accordance with appellant's motion to that effect.

■■■ Lastly, we consider appellants' claim of interest for the use of their share of the partnership assets by appellee after the date of dissolution. Section 42 of the Uniform Partnership Act, A.R.S. Section 29–242, provides that:

"When any partner retires or dies, and the business is continued under any of the conditions set forth in subsections A, B, C, E and F, of § 29–241, or, paragraph 2, subsection B, of § 29–238, without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; * * *"

Thus, if the quoted provision is applicable here—and we are advised of no reason why it is not—appellants were entitled to an election of interest on the value of their post-dissolution contribution to the partnership business, in lieu of profits attributable to the use of their right in the partnership property as awarded by the trial court. See Moseley v. Moseley, 9 Cir., 196 F.2d 663; Vangel v. Vangel, 45 Cal.2d 804, 291 P.2d 25, 55 A.L.R.2d 1385; Annotations, 55 A.L.R.2d 1391; 2 A.L.R.2d 1084. The point of controversy apparently is whether appellants did properly make an election of interest. The matter was considerably confused by appellants' first election to share profits for years prior to 1956 and receive interest for the year 1956, an election which the trial judge properly denied. See Goodburn v. Stevens, 1 Md.Ch. 420, 430; Annotation, 80 A.L.R. 12, 77. Since, however, it appears that appellants later during the course of the trial did attempt to obtain interest in lieu of profits for the entire post-dissolution period, we hold that appellants' later election was timely and should have been honored.

Accordingly, the judgment is reversed as herein noted and remanded with instructions (1) to grant a new trial with respect to the issue of "living or managerial" expenses or remuneration owed to appellee, and (2) to modify the judgment by allowing to appellants interest on the value of their share of the partnership assets utilized by appellees after the date of dissolution.

PHELPS, C. J.; and STRUCKMEYER, UDALL and JOHNSON, JJ., concur.