488 P.2d 689

Walter C. BROWN and W. D. Plaster, Appellants,

v.

G. Harold BROWN, Individually and as general partner of the Ponderosa Land and Investment Co., dba Ponderosa Land Co., Ponderosa Title Co., et al., Appellees.

No. 1 CA-CIV 1055.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 14, 1971.

Rehearing Denied Oct. 14, 1971.
Review Denied Nov. 9, 1971.

Hughes, Hughes & Conlan, by John C. Hughes, Phoenix, for appellants.

Herbert Mallamo, Phoenix, for appellees.

DONOFRIO, Judge.

William D. Plaster and Walter C. Brown commenced this litigation to dissolve a partnership in which they claimed to be limited partners and to obtain a distribution of the partnership assets. Following a series of master's reports and hearings thereon, the trial court entered a decree of dissolution and distributed the partnership assets. Plaster and Brown (herein referred to as plaintiffs) now appeal therefrom, contending there were a number of errors concerning the propriety of the court's rejection of the master's first report, the directions given to the master relative to his next report, the scope of the hearings on the master's report, and the fees assessed in connection therewith.

The pertinent facts are as follows. The parties to this action executed a certificate of limited partnership under the name of Ponderosa Land and Investment Company on or about May 1, 1960, for the purpose of subdividing 320 acres of land near Flagstaff, Arizona, to be sold as lots for summer homes. The plaintiffs were designated therein as two of the limited partners, and G. Harold Brown, defendant-appellee, (herein referred to as defendant) as the general partner. (It should be noted that plaintiff Walter C. Brown and defendant G. Harold Brown are not related.) After the instant action was commenced, the parties stipulated on February 3, 1966, that the matter be referred to a master for a certified audit. Accordingly, a report was made by the master and filed on May 1, 1967. The report thus filed contained an uncertified audit. On September 21, 1967, at a pretrial conference, the defendant submitted an accounting he had prepared. This accounting was denied. The matter came on for trial on October 4, 1967, at which time the master testified that the records were not adequate to give a certified audit of the partnership due to the limitations imposed by the accounting method he was directed to follow under the terms of the stipulation. On October 11, 1967, after approximately four days of trial the court found that the master's report presented no findings which could be used as a basis for judgment, and resubmitted the matter to the master with instructions.

Plaintiffs first contend that the trial court erred in failing to adopt this master's report. We do not agree. Rule 53(h), Rules of Civil Procedure, 16 A.R.S., states:

"The court shall accept the master's findings of fact unless clearly erroneous. Within ten days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(c). *The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recom-*

*mit it with instructions."* (Emphasis supplied.)

We hold under the circumstances of this case that it was within the trial court's discretion not to accept the master's report but to resubmit the matter to the master for further accounting.

We would agree that if the parties had stipulated that the master's report be final, then only questions of law would thereafter be considered. However, in this case the parties stipulated only to a certified audit, not that regardless of the certification the master's report be final. The master was unable to render a certified audit. Under these circumstances, it was within the court's discretion to resubmit the matter to the master with special instructions, there having been no exceptions filed thereto for the court to pass upon.

■■ Secondly, plaintiffs contend that the trial court erred in its directions to the master regarding the preparation of the second report. Plaintiffs claim that the proper instruction should have been that defendant be allowed credit only where defendant's disbursements were supported by all vouchers, memoranda and receipts, rather than the instruction given, that the master adopt the distribution of the partnership assets as set forth in defendant's accounting when supported by evidence, and further directed that partnership disbursements claimed by defendant not be allowed unless first supported by adequate evidence. We believe that the trial court's directions conform to the holding that the managing partner has the burden to support with competent evidence the disbursements made. Fernandez v. Garza, 88 Ariz. 214, 354 P.2d 260 (1960); Mollohan v. Christy, 80 Ariz. 141, 294 P.2d 375 (1956). After thoroughly reviewing the record, we have found no instances where the defendant was allowed credit without there being competent supporting evidence.

■ Plaintiffs also contend that it was error not to let plaintiffs examine and cross-examine the master on fraud or breach of fiduciary duty at the hearings conducted by the master pursuant to the master's second report. We do not agree.

First, there is no right to examine or cross-examine the master at the master's hearing. Secondly, the trial court confined the master's hearing solely to matters relating to distribution and instructed the master not to hear evidence on the issues of fraud or breach of fiduciary duty. This instruction is in conformity with Rule 53 (c), Rules of Civil Procedure, 16 A.R.S., which states:

> "The order of reference to the master may specify or limit his powers and may direct him to report only upon particular issues or to do or perform particular acts or to receive and report evidence only * * *."

Further, after the master's second report was filed, the court then held hearings on the issues of fraud and breach of fiduciary duty, and at that time plaintiffs were afforded an opportunity to examine and cross-examine the master on the issues of fraud and breach of fiduciary duty.

■ Next, plaintiffs contend that the trial court erred in instructing the master that defendant and plaintiff Plaster purchased the equipment used in the partnership operation and rented it to the Ponderosa group; that the correct instruction should have been that the partnership purchased the equipment because the accounting showed portions of the equipment purchased out of partnership funds. The law in Arizona, A.R.S. § 29–208, subsec. B is that:

> *"Unless the contrary intention appears,* property acquired with partnership funds is partnership property." (Emphasis supplied.)

The trial court concluded, however, that a contrary intention did appear, and there is ample evidence to support the trial court's conclusion. Much of this equipment was purchased long prior to the inception of the partnership and that portion of the equipment purchased during the partnership operation was to a great extent

paid for by personal funds. The trial court found that the portion of equipment paid for by partnership funds was necessitated because the partnership operation was undercapitalized and underfinanced, requiring unusual financing methods; that defendant had contributed a great sum of money to the partnership at will and at times it was necessary for him to use partnership funds to pay for the equipment.

The master prepared and filed his second report, and objections as to this report were heard by the trial court on May 1 and 3, 1968. On the morning of May 3, 1968, the court informed both counsel that there would be rulings on all objections by 4:30 that afternoon, May 3, 1968. The matter came on for further trial on July 15, 1968, on the issues of fraud and breach of fiduciary duty. On the morning of July 19, 1968, the court announced that plaintiffs' counsel would have until 4:30 that afternoon to complete the case on the issues of fraud and breach of fiduciary duty.

■ Plaintiffs contend that they were denied due process if law and an opportunity to be heard when the trial court limited plaintiffs' evidence in support of their objections to the master's second report, and again when the court limited the presentation of the evidence on the issues of fraud and breach of fiduciary duty. We disagree.

■ We have thoroughly reviewed the record before us and find that plaintiffs had an adequate opportunity to be heard concerning both matters. Plaintiffs did not have the right to argue their case *ad infinitum*. The judge placed a time limit which we find was reasonable. Further, the trial court ordered that plaintiffs could make objections to the master's report or present an offer of proof and make a record as to what would have been offered at the hearing, or make objections to the master's report had proceedings not been terminated by the court. The record is devoid of any offer of proof. The law in Arizona

is that the exclusion of testimony is not ordinarily error unless an offer of proof be made. Musgrave v. Karis, 63 Ariz. 417, 163 P.2d 278 (1945); Foster v. Ames, 5 Ariz.App. 1, 422 P.2d 731 (1967); Williams v. Long, 1 Ariz.App. 330, 402 P.2d 1006 (1965).

■ Plaintiffs next argue that defendant should have been charged with the fair market value of the partnership property which defendant deeded away as settlement of his personal indebtedness rather than the cost of the property, and that defendant should have been charged with loss of interest on partnership contracts assigned in settlement of defendant's personal indebtedness. The master affixed these figures, testifying that there were several factors upon which he based his decision, and the trial court adopted the master's ruling. The trial court's adoption of the report is binding unless shown to be clearly erroneous, 16 A.R.S., Rules of Civil Procedure, Rule 53(h); Hurst v. Hurst, 1 Ariz.App. 603, 405 P.2d 913 (1965). Plaintiffs having failed to show that the master's report was clearly erroneous, we will not set it aside.

■ Plaintiffs contend that the defendant was not entitled to a salary subsequent to the act of dissolution. Plaintiffs argue that the dissolution occurred in September 1962, the date plaintiff Brown was excluded from the partnership, and that defendant was not entitled to a salary allowance through April 1965, the date the receiver was appointed. We do not agree.

The partnership dissolution did not occur at the time the limited partner was excluded from the partnership affairs. It is true that a general partnership dissolves when any partner ceases to be associated with the carrying on of the partnership. A limited partnership, however, is not affected in the same manner. The disassociation of a limited partner does not by itself dissolve the partnership.

■ A.R.S. § 29–310 provides that a limited partner is entitled to have a partnership dissolution by court decree. In this case the court decreed the limited partnership dissolved as of the date of judgment, September 26, 1968. In September 1962, at the time plaintiff became disassociated, the partnership was viably functioning; the defendant, as general partner, was offering his services to the partnership and was entitled to remuneration for these services.

■ Plaintiffs also contend that the trial court erred in failing to adjust the accounts of the parties when, as they argue, the master admitted that certain of his findings were erroneous. We have reviewed the record and have found no instances where the master admitted that certain findings were erroneous. Further, we have looked at each of the alleged errors and we are not persuaded by plaintiffs' argument that the master's findings are clearly erroneous.

■ Plaintiffs argue next that the trial court erred in adopting that portion of the master's report which treated money spent by the defendant for the partnership after the appointment of the receiver as valid disbursements. There has been no showing that these disbursements were not properly accounted for, or that the defendant was attempting a fraud or breach of fiduciary duty. Therefore, since these payments were made in good faith for the benefit of the partnership, it was within the court's discretion to allow the disbursements.

■ Plaintiffs argue that the trial court abused its discretion in assessing the costs of the master's second report against the parties jointly, rather than solely against the defendant. Plaintiffs base this argument upon the fact, as they state, that the second accounting was necessary because of the manner in which defendant kept the books and because of the fact that defendant would not supply missing ledgers. The case of Hurst v. Hurst, 1 Ariz.App. 227, 401 P.2d 232 (1965), succinctly states that in Arizona the assessment of costs for the accounting of a partnership are as follows:

"As a general rule, the costs and expenses of a suit for a partnership dissolution or accounting, or both, are payable out of the partnership estate. 68 C.J.S. Partnership § 448. Except when express provision therefor is made either in a statute or in the Arizona Rules of Civil Procedure, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs*. 16 A.R.S., Rule 54(f) R.C.P. Under Rule 54(f), supra, the imposition of costs is a matter within the trial court's discretion, Bank of China v. Wells Fargo Bank & Union Trust Co., 9th Cir., 209 F.2d 467, 476, 48 A.L.R.2d 172 (1953); Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 6th Cir., 119 F.2d 316, 326 (1941), and any doubt concerning the discretion of the court to assess costs incident to trial should be resolved in favor of such discretion. United States v. Arizona Canning Co., C.A.Colo., 212 F.2d 532, 534 (1954). Accordingly, this court affirms the assessment of costs." (Emphasis theirs). 1 Ariz.App. at 233, 401 P.2d at 238.

The court fixed the master's fee at $13,428 for the two master's reports. The fee for the first report was $12,000 and the fee for the second report was $1,428, both fees being assessed against the partnership. The trial court stated that in considering who should bear the cost of the master's second report it took into consideration the fact that plaintiffs' counsel delayed the proceedings, and that with the help of plaintiffs' counsel proper instructions could have been given to the master before the first report, thereby alleviating the need for the second accounting. Under the above circumstances, which we find supported by the evidence, it was within the province of the

court to assess the master's report against the partnership.

 Finally, plaintiffs argue that the trial court erred in finding a limited partnership to be in existence. Plaintiffs contend that the limited partnership was never formed because the certificate of limited partnership was neither sworn to nor recorded as required by A.R.S. § 29–302. However, A.R.S. § 29–302, subsec. B states that a limited partnership is formed if there has been substantial compliance in good faith with the requirements of the statute.

The question is one of first impression in this State. New Mexico has decided this issue and reached what we believe to be a logical analysis. The cases of Hoefer v. Hall, 75 N.M. 751, 411 P.2d 230 (1965) and Electric Supply Co. v. United States Fidelity and Guaranty Co., 79 N.M. 722, 449 P.2d 324 (1969), state the main purpose in requiring registration regulations is to limit the liability of limited partners. The certificate requirement is to inform third persons they are dealing with a special partnership, one in which certain partners have limited liability. It is simply a protection to third persons. The cases further state that where neither the rights of third persons nor a partner's claim of limited liability is involved, the failure to record should not affect the existence of a limited partnership as far as the parties are concerned. The parties are presumed to have had knowledge of the content of the certificate and should be bound by their contractual acts. In the present case the plaintiffs contracted to form a limited partnership and held themselves out to the community as limited partners. They are thereby estopped because of their actions to assert that, between themselves, a limited partnership was never formed.

The judgment of the trial court is affirmed.

STEVENS, P. J., and CASE, J., concur.