532 P.2d 510

James M. KRUMTUM, Appellant,

v.

John L. BURTON, Jr., Receiver of Ponderosa Land and Investment Co., a limited partnership, and Walter C. Brown and Wilborn D. Plaster, Appellees.

No. 11688.

Supreme Court of Arizona, In Division.

March 4, 1975.
Rehearing Denied April 1, 1975.

Edward V. Sexton, Phoenix, for appellant.

Stewart & Pickrell, Ltd. by Harry A. Stewart, Jr., Phoenix, for appellee Burton.

Hughes, Hughes & Conlan by John C. Hughes, Phoenix, for appellees Brown and Plaster.

CAMERON, Chief Justice.

This is an appeal from an order of the Superior Court granting defendants' motion for summary judgment based upon the plea of the statute of limitations.

We are asked to answer two questions on appeal:

1.  Had the statute of limitations run on the account upon which the plaintiff sued?

2.  Were the defendants estopped by the proceedings in a companion case to assert the defense of statute of limitations?

The facts necessary for a determination of this matter on appeal are as follows. Sometime prior to 1960, the defendants, Walter G. Brown and Wilborn D. Plaster, and others entered into a limited partnership with G. Harold Brown, general partner, under the style and name of Ponderosa Land and Investment Company. G. Harold Brown and Walter C. Brown are not related even though they have a common name. The partnership entered into the development of real estate located some 14 miles south of Flagstaff, Arizona. In order to provide the proper roads for the project, plaintiff James M. Krumtum, dba Krumtum Contracting Company, Inc., provided equipment, materials and labor for said purposes. This work commenced in 1960 and continued through November of 1965.

In March of 1965 as a result of conflicts between the general partner and the limited partners, Walter Brown, a limited partner, petitioned the Superior Court of Maricopa County for the appointment of a receiver and a dissolution of the partnership.

Wilborn D. Plaster later joined as party plaintiff. On 27 May 1965, John L. Burton, Jr., was appointed receiver of Ponderosa Land and Investment Company. The judgment and decree of 26 September 1968 found that the plaintiffs, Walter G. Brown and Wilborn D. Plaster, were limited partners and that the general partner, G. Harold Brown, was not shown to be guilty of fraud in his dealings with Krumtum nor had he breached his fiduciary duty with respect to his dealings with the partnerships or the company. See Brown v. Brown, 15 Ariz.App. 333, 488 P.2d 689 (1971) for appeal on a different issue.

On 20 December 1968 the plaintiff Krumtum initiated the instant case by filing a complaint against the defendants G. Harold Brown and John Burton, Jr., as receiver of the partnership. The complaint alleged that there was due and owing a balance of $23,033.91 to Krumtum Contracting Company, Inc., for "materials and labor and other services to the Ponderosa Land and Investment Company." The complaint also stated:

> "That in addition to the sums set forth in Paragraph IV above, Plaintiff is entitled to a charge for storage on a certain 112 grader at the rate of $5.00 per day from August 1, 1967, until such time as said grader is removed from Plaintiff's property."

The limited partners sought to answer as defendants and when their standing was questioned they agreed, for the purpose of this litigation, to be treated as general partners. Both the limited partners and receiver John Burton, Jr., pled the statute of limitations. G. Harold Brown answered admitting the debts, not pleading the statute of limitations, and asking proof as to the correctness of the amounts of the claim.

Judgment for the three defendants, Walter G. Brown, Wilborn Plaster and John Burton, Jr., receiver, on the motion for summary judgment was granted by the trial court. However, formal entry of judgment pursuant to Rule 54(b), 16 A.R.

S., was not entered until after the trial was held concerning G. Harold Brown's liability. After a trial on the merits the court found for the plaintiff and against the defendant G. Harold Brown in the amount of $24,593.41. It is from the granting of the motion for summary judgment in favor of the defendants, John Burton, Jr., the receiver, and the limited partners, Walter G. Brown and Plaster, that the plaintiff brings this appeal.

### HAD THE STATUTE RUN?

■ Our statute of limitations reads as follows:

> "There shall be commenced and prosecuted within three years after the cause of action accrues, and not afterward, the following actions:
>
> \*      \*      \*      \*      \*      \*
>
> "2. Upon stated or open accounts other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents, but no item of a stated or open account shall be barred so long as any item thereof has been incurred within three years immediately prior to the bringing of an action thereon." A.R.S. § 12–543(2).

The complaint of plaintiff had attached thereto invoices, and based upon these invoices it is clear that with the exception of the storage charges, a separate claim, all accounts were incurred prior to 20 December 1965. This is admitted by the appellant in his brief which, for example, states:

> "The last labor or material furnished other than storage charge was November 18, 1965."

An open account has been defined by this court:

> "Generally speaking, an open account is one where there are running or concurrect dealings between the parties, which are kept unclosed with the expectation of further transactions. \* \* \*" Connor Livestock Co. v. Fisher, 32 Ariz. 80, 85, 255 P. 996, 997 (1927).

It is apparent that the services furnished by the plaintiff to the partnership were furnished on an open account as defined by this court. Connor Livestock Co. v. Fisher, supra. The statute of limitations begins to run on an open account from the date of the last item, in the instant case 18 November 1965. Therefore the last item charged on the open account was more than three years before the action was commenced and the statute of limitations having been pled is a bar to the suit.

■ Summary judgment should not be granted if, on examination of the entire record, there are any disputed fact questions which, if resolved adversely to the moving party, could affect the final judgment. Livingston v. Citizen's Utilities, 107 Ariz. 62, 481 P.2d 855 (1971). Based upon our review of the record, we hold that there was no genuine issue of material fact and that the defendant was entitled to judgment on the open account as a matter of law.

■ The trial court was, however, in error in granting a summary judgment as to the storage charges. The invoices clearly indicate that the storage charges were incurred after 20 December 1965 and not barred by the statute of limitations. Although we express no opinion as to the correctness of this charge as to the defendants Burton, as receiver of the partnership, or Walter G. Brown and Plaster, we hold it was error to grant the motion for summary judgment as to these items. There was genuine issue of fact upon which reasonable men might differ, Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27 (1963), and summary judgment was improper.

## WERE THE DEFENDANTS ESTOPPED?

■ Plaintiff contends, however, that the appellees were estopped to plead the statute of limitations because of the ruling in the receivership case wherein the trial court held that there was no fraud as between Krumtum and the general partner Walter Brown and indicated that there was a valid charge for the services rendered. The doctrine of res judicata does not apply as plaintiff was not a party and the issues were not the same. Day v. Estate of Wiswall, 93 Ariz. 400, 381 P.2d 217 (1963).

■ While it is true that the doctrine of collateral estoppel may be raised by a party in a second action who was not a party to the first action, DiOrio v. City of Scottsdale, 2 Ariz.App. 329, 408 P.2d 849 (1965), the doctrine of collateral estoppel is limited to cases wherein the same issue raised in the subsequent action was actually litigated and determined in the prior suit. The only reference to the plaintiff in the judgment and decree of 26 September 1968 in the receivership action is the finding Number VIII which reads as follows:

"That the evidence upon the contract, agreement or account of Krumtum Construction Co., does not establish any misconduct on the part of the Defendant G. Harold Brown."

■ The Superior Court file in the receivership, Maricopa County No. 147701, has been sent to us at our request. That file contains nothing that would indicate that the court therein found against the defendant or the receivership as to this account nor that the plaintiff commenced any action for its determination in that suit. Defendants were therefore not estopped to plead the statute of limitations in a suit by plaintiff upon the account.

Judgment affirmed in part; remanded in part.

STRUCKMEYER, V. C. J., and HAYS, J., concur.