**Robert D. ROND and Sharon Rond, Plaintiffs and Appellant,**

**v.**

**YEAMAN–YORDAN–HALE PRODUCTIONS, a Utah partnership, et al., Defendants and Respondents.**

**No. 18878.**

Supreme Court of Utah.

April 25, 1984.

Wallace R. Lauchnor, Salt Lake City, for plaintiffs and appellants.

Theodore E. Kanell, Salt Lake City, David H. Day and Samuel J. Conklin, Murray, Ronald Poulton, Max D. Wheeler and Stephen Roth, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff brought action under § 61–2–22 [1] to recover the consideration paid for the purchase of securities, alleging an untrue statement in the offering circular. After a trial on the merits, the court, sitting without a jury, entered judgment of no cause of action against plaintiff, and she appeals. [2] We affirm.

The securities, which were purchased by Robert Rond in September, 1977, consisted of limited partner units in defendant Yeaman-Yordan-Hale Productions. That defendant was organized as a limited partnership pursuant to §§ 48–2–1, *et seq.*, and a certificate of limited partnership was prepared in accordance with § 48–2–2(1)(a) which was signed by the general partners. The securities were then registered with the Utah Securities Commission pursuant to the Utah Uniform Securities Act, §§ 61–1–1, *et seq.*, and units, designated limited partner units, were offered for sale to the general public by means of an offering circular, or prospectus. Upon purchase of the units, the limited partners also executed the certificate of limited partnership, by separate instrument. However, the general partners failed to file the certificate pursuant to § 48–2–2(1)(b), and at the time of the registration of the securities with the Utah Securities Commission, as well as at the time of the sale of the limited partner units to plaintiff, the certificate of limited partnership for Yeaman-Yordan-Hale Productions was not on file with any county clerk in the State of Utah.

In 1978, approximately a year after Robert Rond had purchased the units, he learned that the certificate was not properly filed, and immediately sent the partnership a letter renouncing his interest in the profits or other income of the partnership in an effort to avoid being treated as a general partner, pursuant to § 48–2–11, though no creditor of the partnership had claimed against him. Upon receipt of that letter, and upon learning that the certificate was not filed, the general partners filed the certificate of limited partnership with the Salt Lake County Clerk. [3]

Plaintiff contends that by reason of the failure to comply with § 48–2–2(1)(b), a statement contained in the offering circular (that Yeaman-Yordan-Hale Productions was a limited partnership under the laws of Utah) was a false statement within the meaning of § 61–1–22 of the Utah Uniform Securities Act, and plaintiff is entitled to rescind the purchase of the limited partner units and recover the consideration paid. The issue thus raised is whether a limited partnership can be formed unless the partnership agreement, that is, the certificate of limited partnership, is on public file with the county clerk.

Section 48–2–2 contains all of the requirements for the formation of a limited partnership. Under paragraph (1) of that statute, two or more persons may form a limited partnership by signing a written certificate which, pursuant to subdivision (a), contains 14 separate items of information, and which certificate is then filed with a county clerk in the county in which the partnership does business, under subdivision (b). Paragraph (2) of the statute provides:

(2) A limited partnership is formed if there has been substantial compliance in good faith with the requirements of paragraph (1).

The trial court found that the parties here were in substantial compliance, in

---

1. All statutory references are to U.C.A., 1953.

2. The securities were purchased in September, 1977, by Robert Rond who died while this case was pending in the district court. Robert Rond transferred the securities to his wife, Sharon Rond as trustee of a family trust, and she was substituted as plaintiff upon Robert's death. References to "plaintiff" in this opinion are, accordingly, in the singular.

3. A duplicate original certificate was filed. Yeaman, one of the general partners, testified that he had mailed the certificate to the Salt Lake County clerk at the time of organization of the partnership and that it must have been lost in the mail.

good faith, with § 48–2–2(1), and concluded that a limited partnership had been created.

Plaintiff contends that failure to record the certificate is not substantial compliance with the statute since the purpose of the statute is to give notice to the public of the limited liability assumed by the limited partners, and where the certificate is not recorded, no notice at all is given.

Though the issue has never been presented to this Court, the Supreme Court of New Mexico directly addressed this problem in *Hoefer v. Hall*, 75 N.M. 751, 411 P.2d 230 (1965). In that case, plaintiff sued to recover on a promissory note, but the defendant claimed that the note had been paid by application of the amount due as plaintiff's contribution to a limited partnership which the parties had entered into. Though the written partnership agreement had been executed by the parties, it had never been recorded under the New Mexico statute. The Court held that where neither the rights of third parties nor a partner's claim of limited liability is involved, failure to record the certificate cannot affect the existence of a limited partnership insofar as the parties, *inter se*, are concerned. *Hoefer* was followed by the Court of Appeals of Arizona, in *Brown v. Brown*, 15 Ariz.App. 333, 488 P.2d 689 (1971), where the court noted that the statutory recording requirements are simply for the protection of third persons. In *Brown*, the court held that there was substantial compliance with the statute, though the certificate had not been recorded, under a statute similar to ours.

██ We conclude that the failure to file the certificate of limited partnership does not affect the existence of the limited partnership as an entity, in a controversy between the partners themselves, where neither the interests of third parties nor a partner's claim of limited liability is involved.

██ Inasmuch as the limited partnership was formed, the statement that Yeaman-Yordan-Hale Productions was a limited partnership in the offering circular was not an untrue statement, and plaintiff is not entitled to recover the consideration paid for the securities on that ground under § 61–1–22. Affirmed; costs to defendants.