**Harry L. VIDRICKSEN, Appellant,**

v.

**William B. GROVER, Trustee in Bankruptcy of the Estate of Reginald K. Thom, dba Thom Chevrolet Company, Bankrupt, Appellee.**

**No. 19813.**

United States Court of Appeals
Ninth Circuit.

July 7, 1966.

J. E. Kleaver, Tebbe & Correia, Yreka, Cal., for appellant.

E. M. Mannon, Katherine M. Griffin, Milton Maxwell Newmark, Lafayette, Cal., for appellee.

Before CHAMBERS, MERRILL and BROWNING, Circuit Judges.

CHAMBERS, Circuit Judge:

Dr. Vidricksen intended, when he turned over to Thom $25,000 in July, 1952, to become a limited partner with Thom, the general partner, in a Chevrolet car agency business at Dunsmuir, California. Thus, the shoemaker strayed from his last.

Articles of partnership were drawn up but no effort was made to comply with the California statutory requirement of recording a certificate of limited partnership.[1]

1. California Corporations Code § 15502.

Bankruptcy overtook Thom in September, 1961. And the issue here is whether Dr. Vidricksen is a general partner for the purposes of bankruptcy. The referee held he was. On review, the district court sustained the referee. Here on appeal, we affirm.

Apparently the agency developed financial difficulties in March, 1961, and the doctor consulted successively two different lawyers. From them, although they could not represent him because of conflict of interest, he did learn he had a problem, to-wit, whether in his venture he had attained a real limited partnership and therefore limited liability under California law. The Uniform Limited Partnership Act has been adopted in California with some modification.[2]

On the issue before us, no significant facts occurred until August, 1961, when, through another set of attorneys, he filed a complaint against Thom which seemed to seek an accounting. In it, Vidricksen said:

> "That due to the lack of filing and recordation of [the] Limited Partnership Agreement, all as is required under law, * * * said plaintiff [Vidricksen] and said defendant [Thom] have become general partners, insofar as their relationship with third party creditors is concerned."

On September 19, 1961, (eight days after the bankruptcy proceedings started) Dr. Vidricksen filed in the bankruptcy proceedings a renunciation under Section 15511 of the Corporations Code of California. That section reads as follows:

> "A person who has contributed to the capital of a business conducted by a person or partnership erroneously believing that he has become a limited partner in a limited partnership, is not, by reason of his exercise of the rights of a limited partner, a general partner with the person or in the partnership carrying on the business, or bound by the obligations of such person or partnership; provided, that on ascertaining the mistake he promptly renounces his interest in the profits of the business, or other compensation by way of income."

Was such renunciation timely? We think not.

Appellant would count the time on "promptly" in "promptly renounces" only from August 7, 1961, to September 19, 1961, or a period of 43 days. We disagree. In our view "promptly" began to run when he learned in March, 1961, that something was wrong with the organizational setup.

No California case is of help to us in construing the code section, so we must use our best judgment as to what California courts would hold. We do not think Dr. Vidricksen needed a bonded opinion to start the time running. Knowledge that he was probably in trouble was enough. Thus, we conclude that six months from the time he had notice something was wrong until the actual renunciation is not a prompt renunciation. Even in August when he sued, the doctor was not renouncing, but was apparently accepting the fate of a general partner. It is possible that that action on his part could be held an abandonment of the limited partnership and acceptance of general partnership status. But we do not find it necessary to so hold. Certainly, though, the act went in the wrong direction. And we do not reach the question of his status had he renounced on August 7, 1961, when he instead affirmed general partnership. We simply hold the attempted renunciation was not timely. Thus, the doctor must be held to the pains of a general partner.

The procedure by which Dr. Vidricksen was "backed into" bankruptcy seems a little odd. But the issue was one which federal bankruptcy jurisdiction would cover on subject matter. The doctor had due notice of the proceedings and made no objection to the form of the proceedings. He fully contested the issue. Thus, we think he was bound by the out-

---

**2.** California Corporations Code § 15501 et seq.

come. In fact, even now, he does not contest the form in which the issue was raised and tried. He just objects to the result.

Affirmed.