■ 8 BROOKWOOD FUND, Respondent, v MARTIN SLOATE et al., Appellants. (Matter No. 1.) In the Matter of 8 BROOKWOOD FUND, Respondent, v BEAR, STEARNS & Co., INC., et al., Appellants. (Matter No. 2.)—In (1) an action to recover damages based on the defendants' alleged wrongful conduct with respect to certain securities transactions, and (2) a proceeding pursuant to CPLR article 75 to stay certain arbitration proceedings, Martin Sloate, Laura Sloate, Sloate, Weisman, Murray & Co., Inc., Bear, Stearns & Co., Robert Willis and Richard Press appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Buell, J.), dated March 3, 1988, as, *inter alia,* enjoined them from commencing "any action, proceeding or arbitration claim" against the limited partners of 8 Brookwood Fund.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Matter No. 1 was commenced by 8 Brookwood Fund (hereinafter Brookwood), "a mutual partnership", against the brokerage firms of Sloate, Weisman, Murray & Co., Inc. (hereinafter Sloate Weisman) and Bear, Stearns & Co. (hereinafter Bear Stearns), as well as four individuals, to recover damages based, *inter alia,* on the alleged improper liquidation of its margin account on October 19, 1987, which coincided with the stock market crash. In late October 1987, Sloate Weisman and Bear Stearns commenced an arbitration proceeding against Brookwood pursuant to the terms of a margin agreement and an option trading agreement, dated May 8, 1987 and May 9, 1987, respectively, seeking to recover a debit balance of $1,849,183, allegedly arising out of the liquidation of Brookwood's margin account on October 19, 1987. Brookwood thereafter sought to stay arbitration, and in connection therewith, also sought to permanently enjoin Bear Stearns and Sloate Weisman from bringing any "action, proceeding or arbitration claim" against the limited partners of Brookwood.

The Supreme Court granted Brookwood the latter relief.

The record indicates that Brookwood was originally formed as a limited partnership. The original certificate of limited partnership, filed with the Westchester County Clerk on April 24, 1987, listed Kenneth Stein as the "General Partner" and Barbara Stein as the "Original Limited Partner". Between May and August 1987, additional investors joined Brookwood as limited partners pursuant to article 10 of the agreement of limited partnership which provided in pertinent part:

"Article 10. Admission of Additional Limited & General Partners.

"(a) The General Partner may admit to the Partnership, at such times as he shall determine in his sole discretion, additional Limited Partners, including the General Partner as a Limited Partner, provided that each incoming additional Limited Partner shall first execute an appropriate supplement to this Agreement * * * by which he agrees to be bound by the terms of this Agreement."

Each of the additional investors signed a document entitled "SUPPLEMENT TO AGREEMENT OF LIMITED PARTNERSHIP OF 8 BROOKWOOD FUND" and, pursuant thereto, each of the additional investors agreed to become an "additional limited partner" in accordance with the terms of the original agreement of limited partnership. In this regard, article 8 of the agreement of limited partnership provides as follows:

"Article 8. Limitation on Liability of Limited Partners.

"No Limited Partner * * * shall be liable for any debts, obligations or loss of the Partnership in excess of the amount of such Limited Partner's capital in the Partnership. The General Partner shall have unlimited liability for the debts of the Partnership".

Thereafter, these additional investors conducted themselves, at all times, as limited partners, i.e., they did not participate in the management of the partnership. Finally, the record indicates that a certificate amending the original certificate of limited partnership, so as to reflect the newly added limited partners, was not filed with the Westchester County Clerk until October 23, 1987, six days after the October 19, 1987 liquidation of Brookwood's margin account.

On the instant appeal, the defendants argue that (1) pursuant to statutory mandate (see, Partnership Law § 114 [5] [a]), the certificate amending the original certificate of limited partnership, so as to reflect the newly added limited partners, had to be filed with the Westchester County Clerk, and (2) until October 23, 1987, when Brookwood complied with that statutory mandate, those investors who joined Brookwood after the filing of the original certificate of limited partnership were not limited partners, as they mistakenly believed, but rather were general partners, and therefore obligated to arbitrate any controversy arising out of the liquidation of Brookwood's margin account on October 19, 1987. However, even if we were to assume, arguendo, that there is merit to this argument (see generally, Bisno v Hyde, 290 F2d 560, 561; Direct Mail Specialist v Brown, 673 F Supp 1540, 1542; M.I.F. Sec. Co. v Stamm & Co., 94 AD2d 211, 213-214; 68 CJS, Partnership, § 40; 59A Am Jur 2d, Partnership, § 376), an affirmance would still be warranted. The record supports the finding of the Supreme Court that the additional investors and purported limited partners in Brookwood, upon receiving a notice of intention to arbitrate from Bear Stearns and Sloate Weisman dated October 26, 1987, concerning the "debit balance * * * in the amount of $1,849,183.00", "promptly renounced" their interests in the profits of the limited partnership, pursuant to Partnership Law § 100. Partnership Law § 100 provides as follows:

"§ 100. Status of person erroneously believing himself a limited partner

"A person who has contributed to the capital of a business conducted by a person or partnership erroneously believing that he has become a limited partner in a limited partnership

is not, by reason of his exercise of the rights of a limited partner, a general partner with the person or in the partnership carrying on the business, or bound by the obligations of such person or partnership; provided that on ascertaining the mistake he promptly renounces his interest in the profits of the business, or other compensation by way of income" *(see also, Giles v Vette,* 263 US 553; *Rathke v Griffith,* 36 Wash 2d 394, 218 P2d 757; *United States v Coson,* 286 F2d 453).

Accordingly, the Supreme Court properly enjoined the defendants from commencing "any action, proceeding or arbitration claim against Brookwood's limited partners" *(Giles v Vette, supra; Rathke v Griffith, supra; United States v Coson, supra).*

We have reviewed the remaining argument raised on appeal, and find it to be without merit *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.